## Case No. 17,356.

### WEHL v. WALD.

[17 Blatchf. 342.] [1]

Circuit Court, S. D. New York. Dec. 10, 1879.

REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—NOTICE OF APPLICATION—COMMENCEMENT OF SUIT.

1. W., a citizen of New York, brought a suit in a state court of New York against S., a citizen of New York, to recover money alleged to have been due by S. to N., a voluntary assignor to W. By an order of the state court, G., a citizen of Ohio, who claimed the money as assignee in bankruptcy of N., was made defendant in the suit in the place of S., S. having paid the money into court. W. then filed an amended complaint in the suit, in the state court, treating G. as the sole defendant, and asking judgment against him. G. answered the amended complaint. G. then removed the case into this court, without giving notice to the plaintiff of the application for the removal. The petition for removal set forth that "the controversy is between W., as assignee of the estate of N., who was at the commencement of this action, and now is, a citizen of the state of New York, and G., as assignee in bankruptcy of N., who is, and was at the commencement of this action, a citizen of the state of Ohio." On a motion by the plaintiff to remand the cause: *Held*, that the petition alleged the personal citizenship of the parties, and was not defective;

2. That no notice of the application for the removal was necessary, and the state court could, in practice, require it or dispense with it;
[Cited in Stevens v. Richardson, 9 Fed. 194; Chicago v. Hutchinson, 15 Fed. 134; Whelan v. New York, L. E. & W. R. Co., 35 Fed. 865.]

3. That it is not necessary, under sections 2 and 3 of the act of March 3, 1875 (18 Stat. 470), in order to the removal of a suit, that it should appear that the parties were citizens of different states when the suit was commenced;

4. That the suit, as between W. and G., must be regarded as having been commenced when G. was substituted for S., as a defendant.
[Cited in Bailey v. New York Sav. Bank, 2 Fed. 18.]

On motion to remand.

A. J. Dittenhoefer, for plaintiff.
Anderson & Howland, for defendant.

BLATCHFORD, Circuit Judge. The plaintiff, in September, 1878, brought a suit in

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

the superior court of the city of New York, against Mayer Sternberger and Simon Sternberger, to recover from them $4,785.08, gold, with interest thereon from September 9th, 1878, which sum the complaint alleged they had received on or about September 2d, 1878, from the New Orleans National Banking Association, to the use of the plaintiff, the plaintiff being assignee of Gabriel Netter and Albert Netter, by a voluntary assignment for the benefit of creditors, made December 26th, 1877. On the application of the defendants, the Sternbergers, the superior court made an order, on the 25th of January, 1879, on notice to the plaintiff and to the present defendant, ordering that, on the deposit by the Sternbergers with the United States Trust Company, to the credit of the action, of $4,785.08 and interest from September 2d, 1878, being in all $4,916.25, after deducting $10 costs, within five days after the entry of such order, the present defendant be substituted as defendant in the action in the place of the Sternbergers, and that the Sternbergers thereupon be discharged from liability to either the plaintiff or the present defendant. The order also gave leave to the plaintiff to file an amended complaint in place of the original complaint. On the 19th of March, 1879, the superior court, on notice to all parties, modified its former order, so as to direct the deposit by the Sternbergers of $4,785.08 without interest. less $10 costs, and ordered that a deposit of said amount in accordance with the terms of the original order, by the Sternbergers, should be a full compliance therewith, and gave to the plaintiff time, after service of the new order and deposit of the money, to serve an amended complaint. The Sternbergers made the deposit on the 22d of March, 1879.

In April, 1879, the plaintiff put in an amended complaint. It sets forth the fact of the assignment to the plaintiff, the payment of the $4,785.08, gold, to the Sternbergers for the use of the plaintiff, as such assignee, the bringing of the suit in the state court, the two orders of that court, the fact that the Sternbergers had, on the 22d of March, 1879, deposited with the United States Trust Company said sum of $4,785.08, less $10 costs, and then demands judgment against Gustavus H. Wald, as assignee in bankruptcy of Gabriel Netter and Albert Netter and Netter & Co., that he is entitled to said sum of $4,775.08 and interest thereon from March 22d, 1879. The defendant, in May, 1879, put in an answer, in the state court, to said amended complaint.

Thereafter, the defendant presented a petition to the state court for the removal of the suit into this court. The petition sets forth, that the controversy in the suit "is between citizens of different states, that is to say, between the above-named plaintiff, Julius Wehl, as assignee of the estate of Gabriel Netter and Albert Netter, who was at the commencement of this action, and now is,

a citizen of the state of New York, and the above-named defendant, Gustavus H. Wald, as assignee in bankruptcy of Gabriel Netter, Albert Netter and Netter & Co., who is, and was at the commencement of this action, a citizen of the state of Ohio." The defendant gave the proper bond, and, on the 14th of June, 1879, the state court, without notice to the plaintiff, made an order declaring that "it is made to appear to the satisfaction of this court, that the above-entitled action is a suit of a civil nature, at law, now pending in this court, and that the controversy therein is between citizens of different states, that is to say, between the above-named plaintiff, who is a citizen of the state of New York, and the above-named defendant, who is a citizen of the state of Ohio, and that the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs, and that this court doth accept said petition and bond."

The ground upon which the state court proceeded, in making the order for a change of the party defendant, was, that the present defendant had made a demand upon the Sternbergers for the same indebtedness claimed by the plaintiff; and that the Sternbergers were not in collusion with the present defendant, and were indifferent to the claims of either party, and had no interest in the subject-matter of the controversy, but held the money for the use of the Netters, or their proper legal representatives, and were ready and willing to deposit it in court to abide the event of the action.

The plaintiff now moves that this cause be remanded to the state court. At the time of the commencement of the suit, and at the time the petition for removal was presented, the plaintiff and the Sternbergers were citizens of the state of New York.

The plaintiff contends, that the petition for removal is defective, in that it does not allege the citizenship of the plaintiff and defendant, but only alleges that the plaintiff, as assignee, was and is a citizen of New York, and that the defendant, as assignee, was and is a citizen of Ohio. The case of Amory v. Amory, 95 U. S. 186, is cited. There, the averment in the petition was, "that said plaintiffs, as such executors, are citizens of the state of New York." The court held that the petition was defective, in not stating the personal citizenship of the plaintiffs. It is contended that, in the present case the personal citizenship of the parties is not stated. I think this is not so. The allegation is not that the plaintiff, "as assignee," was and is a citizen, and that the defendant, "as assignee," was and is a citizen, but is, that the controversy is between "the above-named plaintiff, Julius Wehl, as assignee of the estate of Gabriel Netter and Albert Netter, who was at the commencement of this action, and now is, a citizen of the state of New York, and the above-named defendant, Gustavus H. Wald,

as assignee in bankruptcy of Gabriel Netter, Albert Netter and Netter & Co., who is, and was at the commencement of this action, a citizen of the state of Ohio." This is an allegation of the personal citizenship of the parties.

It is contended, for the plaintiff, that the removal proceedings were invalid because no notice of the application for removal was given to the plaintiff. The act of congress does not require notice. If, as matter of discretion, a state court can or does require notice in any case of removal, such notice was dispensed with in this case by the state court; and, the matter being one of practice, it is for the state court to regulate its own practice, and this court will not review such a question.

It is also urged, for the plaintiff, that the cause is not removable, under the act of March 3d, 1875 (18 Stat. 470), because the present defendant was not a party to the suit when it was commenced, and because the original defendants, the Sternbergers, were, when the suit was commenced and when the removal proceedings were instituted, citizens of the same state with the plaintiff. I had occasion to consider sections 2 and 3 of that act, in deciding a motion to remand in the case of McLean v. St. Paul & C. Ry. Co. [Case No. 8,892], in this court, and held, that, under those sections, it was not necessary, in order to a removal, that it should appear that the parties were citizens of different states when the suit was commenced. In that case the petition for removal set forth that the plaintiff "is a citizen of the state of New York" and that "the defendant is a citizen of the state of Minnesota." In accordance with that decision, this case was removable although the original parties to the suit were not citizens of different states.

But there is a further ground on which the case was removable. The plaintiff put in, in the state court, an amended complaint, treating the present defendant as the sole defendant in the cause, and as having been substituted as defendant, by the order of the state court, in the place of the Sternbergers. In such amended complaint the plaintiff demands judgment against the present defendant. The suit must be considered as having been commenced against the present defendant when he was brought in as a defendant. For the purposes of a removal by the present defendant, the suit did not exist so long as the Sternbergers were defendants. The petition for removal shows that the present defendant and the plaintiff were citizens of different states when the present defendant became a defendant. The petition being entitled in a suit between the plaintiff and the present defendant, the expression, twice, in the petition, "the commencement of this action," must be held to mean the time when the action first became an action between the plaintiff and the

present defendant. In this view, even if the right of removal in this case depends upon the facts existing as to diversity of citizenship at the commencement of the action sought to be removed. the case was removable. See Healy v. Prevost [Case No. 6.297].

The motion to remand the cause is denied.

[For subsequent proceedings, see 6 Fed. 163.]