## SIMONSON *v.* JORDON.

*(Circuit Court, S. D. New York.* May 9, 1887.)

REMOVAL OF CAUSES—PETITION—TIME FOR FILING.

Section 3 of the removal act of March 3, 1887, requires the petition for removal be filed at the time the defendant was required by the laws of the state, or the rules of the state court, to answer the complaint. In this case the defendant's time to answer would have expired March 2d, but, by stipulation, the time was extended to March 30th. The petition for removal was not filed till April 8th. *Held,* that the act applied to the action, although it was pending at the time of enactment, and that, since the statutory time for answering could be extended by stipulation, as was done, defendant lost his right to remove by his failure to file his petition before March 30th.

*Evarts, Choate & Beaman,* for plaintiff.
*Stern & Myers,* for defendant.

WALLACE, J. This is a motion to remand upon the ground that the petition for removal was not filed at the time the defendant was "required, by the laws of the state or the rule of the state court, to answer to the complaint," as provided by section 3 of the removal act of March 3, 1887. The action was commenced in the state court, February 10, 1887. The defendant's time to answer would have expired March 2d, but, by stipulation, the time to answer was extended until March 30th. The petition and bond for removal were not filed until April 8th. It is insisted, in opposition to the motion, that the time to answer had expired when the new removal act was passed, and that the act should not be construed, retroactively, to apply to a pending action, which it was too late to remove, because such a construction would deprive the defendant of the right to remove his action. Even though such a consequence might follow, the question would be one of interpretation, and not of power to restrict or to abrogate such a right. *Insurance Co.* v. *Ritchie,* 5 Wall. 541; *Ex parte McCardle,* 7 Wall. 506; *U. S.* v. *Tynen,* 11 Wall. 88. But the new act did not destroy the right of the defendant to remove his case to this court. By the rules of practice of the state court, he was not required to answer until the expiration of the time allowed by the stipulation made in the action. Although, ordinarily, a defendant must answer within 20 days, this time may be extended by the court for good cause shown, or by consent of parties. When so extended, the ordinary time to answer is enlarged, and, as so enlarged, is the time within which the defendant is required to answer. If the defendant had filed his petition for removal at the time of answering the plaintiff's complaint, or at any time between March 3d and that time, he would have complied with the act.

The motion to remand is granted.