## WINBERG *v.* BERKELEY Co. RY. & LUMBER Co.

*(Circuit Court, S. D. New York. 1887)*

REMOVAL OF CAUSE—TIME TO FILE PETITION—EXTENSION OF TIME TO ANSWER.
In New York a case cannot be tried as a cause until there is an issue, and not then, unless the issue can be brought to trial by a notice; and although the defendant procured several extensions of time to answer, in consequence of which issue was not in time to bring the cause to trial at that term, which but for the extensions might have been done, a petition by the defendant for the removal of the cause under the removal act of 1875, § 3, is filed in time if filed at the next term before the trial.

Motion to Remand Cause.
*Smith & Bowman,* for plaintiff.
*Stickney & Shepard,* for defendant.

WALLACE, J.   The decision upon this motion to remand was reserved to consider the point made by the plaintiff that the application for removal was not made at the first term of the state court at which the cause could have been tried.   The plaintiff insists that the cause could have been tried, within the meaning of the third section of the removal act of 1875, at the October term of the state court, if the defendant had not procured several extensions of time to answer, in consequence of which issue was not joined in time to bring the case to trial at that term. It has never been decided in any case to which the attention of the court has been called that an application for removal is too late when made at the first term at which there was an issue in the cause in a condition to be tried, except in *Gurnee* v. *County of Brunswick,* 1 Hughes, 270.   In that case, under the laws regulating the practice of the state court, the cause which was removed was triable *without pleadings.*   The case is therefore an exceptional one.   There are expressions in the opinions in *Pullman Palace Car Co.* v. *Speck,* 113 U. S. 84, S. C. 5 Sup. Ct. Rep. 374, and *Murray* v. *Holden,* 2 Fed. Rep. 740, which imply that the removing party is to be held to a stricter rule of diligence, and that the application is too late if made after a term at which the pleadings might have been in readiness for a trial of the cause.   In both of these cases, however, the application was not made until a term subsequent to one at which there was an issue of fact or of law in condition for trial; and what was really decided was therefore in harmony with the adjudications generally.   These are that the term at which the application must be made is the first term at which there is an issue, whether of fact or of law, which is capable of trial, and in a condition to be tried.   *Knowlton* v. *Congress & Empire Spring Co.,* 13 Blatchf. 170; *Forrest* v. *Keeler,* 17 Blatchf. 522; S. C. 1 Fed. Rep. 459; *Cramer* v. *Mack,* 20 Blatchf. 481; S. C. 12 Fed. Rep. 803.

In the language of Chief Justice WAITE in *Babbitt* v. *Clark,* 103 U. S. 612:

"The act of congress does not provide for the removal of a cause at the first term at which a trial can be had on the issues, as finally settled by leave

of the court or otherwise, but at the first term at which the cause, as a cause, could be tried."

The cause cannot be tried as a cause, by the practice in this state, until there is an issue, and not then, unless the issue can be brought to trial by a notice. Although the Code of Civil Procedure requires pleadings to be served within specified times, it also authorizes the courts to enlarge the time, upon proper cause shown, and the enlarged time is as much the statutory time as the original time of service. It has never been intimated that a delay by the removing party to form an issue for the whole period of time authorized by the procedure of the state court for that purpose is to be deemed unreasonable.

If, however, the inquiry were to be made whether the defendant has been guilty of unreasonable delay in putting the cause at issue, it would not assist the plaintiff here. It is true that if the defendant had not procured extensions of his time to answer, by stipulation, from the plaintiff, and by the order of the court, he would have been required by the rules of practice to answer at a time which would have enabled the plaintiff to notice the cause for the October term, or he would have been in default for want of an answer. But the plaintiff cannot complain of delay as unreasonable to which he consented in advance by his own stipulation, nor is it obvious how this court can decently assume that the defendant was not justly entitled to the time granted him by the order of the judge, whose duty it was to refuse the application if there was not sufficient cause shown.

The motion to remand is denied.