DWYER *v.* PESHALL.

*(Circuit Court, S. D. New York.* September 23, 1887.)

1. REMOVAL OF CAUSES—APPLICATION—ACT OF MARCH 3, 1887.
    Under the New York Code of Procedure the defendant must serve his answer by the twentieth day after service of the complaint, unless the time is extended by order of court or by written stipulation. *Held,* that an oral agreement between the parties to the effect that the suit, which was only brought as a stalking-horse to beguile third persons, was not to be pushed, and that no answer would be required. was not such an extension as was provided for by either the laws of the state or the rules of the state court, and that a petition for removal filed after the 20 days were up came too late: the amendatory removal act of March 3, 1887, requiring such petition to be filed "at the time or any time before the defendant is required, by the laws of the state or the rule of the state court in which such suit is brought, to answer or plead."

2. SAME—ACT OF MARCH 3, 1887—INTERPRETATION.
    The intention of the amendatory removal act of March 3. 1887, to restrict removals from state to federal courts, is so clear that it should be strictly construed against any one seeking to evade the additional requirements which it puts upon the right of removal.

On Motion to Remand.
*Kelly, Tucker & Henderson,* for Dwyer.
*C. Fine,* for Peshall.

LACOMBE, J. This action was begun in the state court, by service of a summons and complaint, on February 19, 1887. The defendant was, by the Code of Civil Procedure, required to answer the complaint on March 12th. No answer was served, but on August 12th defendant filed his petition for removal. The recent amendment (1887) to the removal act requires the defendant to file his petition "at the time or any time before the defendant is required, by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff." The New York Code of Procedure requires a defendant to serve his answer by the twentieth day after service of the complaint. That time may be extended under the Code and the rules in two ways,—either by order of the court or by written stipulation. Such an extension would no doubt enlarge the time within which a petition for removal may be filed, (*Simonson* v. *Jordon,* 30 Fed. Rep. 721,) but in this case there is neither order of court nor written stipulation. Defendant relies upon an alleged oral agreement between the parties, entered into before the action was brought, that "it should never be prosecuted to trial or judgment; that no default should be taken therein; that the time to answer should be indefinitely postponed, and that no answer should be required,—the action having been commenced merely for the purpose of facilitating a successful termination of negotiations for the sale of certain terminal railroad interests in Jersey City; and to be discontinued when such result was consummated, or when it was apparent that the commencement of the action did not hasten such negotiations." In other words, the alleged agreement contemplated us-

ing the process of the supreme court of the state as a stalking-horse to beguile third persons for the benefit of the parties thereto.

Whether or not persons making such an agreement are guilty of contempt of court may be left to the determination of the tribunal whose process has been thus abused. It is not even necessary, to pass upon the question whether the alleged agreement is legal and binding on the parties. The utmost that could be claimed for it is that it may afford good ground for obtaining an extension of time to answer; it is not in itself such an extension as is provided for either by the laws of the state, or the rules of the state court, and therefore not within the letter of the act of 1887, above quoted. The amendments of 1887 were plainly meant to restrict removals from state to federal courts. The value of the matter in dispute is increased from $500 (including interest) to $2,000, (excluding interest.) Removal can be had only by the defendant, instead of by either party, as heretofore. The time within which such removal shall be had is materially shortened. The intention of the act is so clear that it should be strictly construed against any one seeking to evade the additional limitations which it puts upon the right of removal.

Defendant further contends that plaintiff is, by the alleged oral agreement above quoted, estopped from moving to remand the cause. It is unnecessary to discuss that point. This court is not estopped from remanding a cause not properly before it, and will be astute, on its own motion, to decline the consideration of cases which under the federal statutes have not been properly relegated to its jurisdiction.