## DOYLE *et al. v.* BEAUPRE *et al.*

*(Circuit Court, N. D. New York. July 25, 1889.)*

REMOVAL OF CAUSES—TIME OF APPLICATION.
  Under act Cong. March 3, 1887, (as corrected by act Aug. 13, 1888, 25 St. at Large, 433,) giving a right of removal "at the time or any time before defendant is required by the laws of the state or the rule of the state court" to plead to the complaint, where defendant under the Code of Civil Procedure of New York was compelled to answer by October 10th an application for removal made November 19th, was too late, though under section 542 defendant might have filed an amended answer during that time.

At Law.  Application to remand cause.
*John N. Beckley,* for plaintiffs.
*Townsend, Dyett & Einstein,* for defendants.

COXE, J.  The plaintiffs are citizens of New York; the defendants of Minnesota.  The action was commenced in the supreme court of this state to recover $1,250.  The complaint was served August 31, 1888. Under the provisions of the Code of Civil Procedure the time to answer this complaint expired October 10, 1888.  An answer containing a counter-claim for $3,000 was served October 7th.  The plaintiffs served a reply to this answer October 11th.  The cause was removed to this court November 19, 1888.  The plaintiffs now move to remand upon the ground, *inter alia,* that the removal was too late.  In this position they are right.  The provision of the Code (section 542) permitting pleadings to be amended does not aid the defendants.  The language of the act of March 3, 1887, (corrected by the act of August 13, 1888, 25 St. at Large, 433,) which provides that the cause may be removed to the circuit court "at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff," is clear and explicit.  It cannot be construed to mean that the cause may be removed at any time before the expiration of an indefinite period contingent upon an answer containing a demand for affirmative relief and a reply thereto.  The time to answer the complaint expired October 10th.  In default of an answer on that day the plaintiffs were entitled to judgment.  An answer having been served, the removal, 40 days afterwards, was too late, notwithstanding the fact that during that period the defendants might have served an amended answer *Manley* v. *Olney,* 32 Fed. Rep. 708; *Dwyer* v. *Peshall,* Id. 497; *Railroad Co.* v. *Houston,* Id. 711; *Wedekind* v. *Southern Pac. Co.,* 36 Fed. Rep. 279; *Coal Co.* v. *Waller,* 37 Fed. Rep. 545; *Hurd* v. *Gere,* 38 Fed. Rep. 537; *Lockhart* v. *Railroad Co.,* Id. 274; *Dixon* v. *Telegraph Co.,* Id. 377; *Kaitel* v. *Wylie,* Id. 865.  The motion to remand is granted.