DELBANCO *v.* SINGLETARY *et al.*

LEVY *et al. v.* SAME *et al.*

*(Circuit Court, D. Nevada. July 29, 1889.)*

1. REMOVAL OF CAUSES—TIME OF APPLICATION.

Defendants demurred to plaintiffs' complaints in the state court. The demurrers were heard and sustained in the state court, and plaintiffs were given leave and time to file amended complaints, which they filed. To plaintiffs' amended complaints defendants demurred, and at the same time filed their petitions and bonds for removal of the cases to this court. *Held,* that the petitions and bonds were not filed within the statutory time, and that the cases must be remanded.

2. SAME—FILING TRANSCRIPT—RULE OF COURT.

Under rule 79 of this court (ninth circuit) the plaintiff may, at any time after defendant has filed and submitted to the state court his petition and bond for removal of the cause, procure a transcript of the record of the cause from the state court, and file the same in this court, and, after service of notice thereof, as prescribed in said rule, this court will take jurisdiction of the case for all purposes.

*(Syllabus by the Court.)*

Motion to Remand.

*J. A. MacMillan* and *M. S. Bonnifield,* for plaintiffs.

*W. F. Goad, Wm. S. Bonnifield,* and *W. C. Belcher,* for defendants.

SABIN, J.   The points involved in each of the above cases are substantially the same, and the cases are considered together, the same ruling being applicable to each case. The actions were begun in the state court, and removed to this court. Summons and complaint were served on the defendant Singletary, May 27, 1889. By state statute defendants were required to plead or answer within 10 days after the date of service of summons, exclusive of the day of service, *i. e.,* June 6, 1889. On that day, to-wit, June 6, 1889, all of the defendants in the actions appeared by counsel, and filed demurrers to the complaints on various grounds. On June 8th the demurrers were heard by the court, and sustained, and plaintiffs were given 10 days within which to file amended complaints, and defendants were given 20 days after service of said amended complaints to answer thereto. On June 15th plaintiffs served and filed amended complaints in each action, and on July 3d defendants filed demurrers thereto, together with their petitions and bonds for the removal of the cases to this court, and on July 5th the state court ordered the cases transferred to this court. Under rule 79 of this court plaintiffs caused a transcript of the record in each case to be filed in this court on July 8th, and they now move that the cases be remanded to the state court, on the ground that the petitions and bonds for removal were not filed within the time required by the act of congress of August 13, 1888.

Under repeated rulings of this and other circuit courts it is clear that the cases must be remanded. It has been repeatedly held by the supreme court, under the removal act of 1875, that the hearing of a demurrer was a trial of the case within the meaning of that act. *Alley* v.

v.40F.no.4—12

*Nott*, 111 U. S. 472, 4 Sup. Ct. Rep. 495; *Scharff* v. *Levy*, 112 U. S. 711, 5 Sup. Ct. Rep. 360; *Laidly* v. *Huntington*, 121 U. S. 179, 7 Sup. Ct. Rep. 855. It has also been repeatedly held by the same court, under the removal act of 1875, that the "term at which the cause could be first tried" was the first term after issue joined, when, in the ordinary course of proceedings, the case could be ready for trial, and be tried; and that, where the trial of a case had been continued over the first term of court at which it could be tried, either by order of court or stipulation of parties, a petition for removal of the case, filed thereafter, came too late. *Babbitt* v. *Clark*, 103 U. S. 606; *Car Co.* v. *Speck*, 113 U. S. 84, 5 Sup. Ct. Rep. 374; *Gregory* v. *Hartley*, 113 U. S. 742, 5 Sup. Ct. Rep. 743; *Kerting* v. *Oleograph Co.*, 10 Fed. Rep. 17; *Theurkauf* v. *Ireland*, 11 Sawy. 512, 27 Fed. Rep. 769; *Keeney* v. *Roberts*, 12 Sawy. 39, 39 Fed. Rep. 629. From these authorities it will be seen that parties desiring to remove their cases to the national courts have always been held to a strict compliance with the statute relative thereto.

The removal act of 1888 is much more restrictive than that of 1875. The right of removal is confined to the defendant, and he must file his petition and bond for removal "at the time, or any time before, the defendant is required by the laws of the state, or the rules of the state court in which the suit is brought, to answer or plead to the declaration or complaint of the plaintiff." Under the removal act of 1888 writs of error or appeals do not lie to an order remanding a case to the state court. But if they did, it cannot for a moment be doubted but that the supreme court would hold the defendant to a strict compliance with the statute in all respects. In the cases at bar the petitions and bonds for removal were not filed until the demurrers to the amended complaints were filed, and after a hearing and judgments on the first demurrers. This was clearly too late. *Wedekind* v. *Southern Pac. Co.*, 36 Fed. Rep. 279; *Dixon* v. *Telegraph Co.*, 38 Fed. Rep. 377; *Hurd* v. *Gere*, 38 Fed. Rep. 537; *Kaitel* v. *Wylie*, 38 Fed. Rep. 865. We think it will be better for all parties concerned, will save time and expense to litigants, if it is clearly and distinctly understood that parties desiring to remove their cases from the state courts must act promptly, and comply strictly with the provisions of the statute relative thereto; that courts have not the authority to, and will not, by doubtful construction, enlarge, change, or modify the clear terms of the statute. The statute is clear and simple as to the time when the petition and bond for removal must be filed, and parties must comply with it. In *Wedekind* v. *Southern Pac. Co.*, *supra*, decided by this court, an inference might arise that possibly an order of the state court, extending defendant's time to plead, might be construed as extending his time within which to file his petition and bond for removal of the cause. If such inference fairly arises in that case we wish here to correct it, as under the authorities cited it seems clear that such an order of the state court could not have any such effect. The state court could not, by order or otherwise, enlarge or modify the terms and provisions of an act of congress, nor confer jurisdiction upon this court, which otherwise it would not have.

It is urged on the part of two of the defendants that, inasmuch as the summons and complaint were served on only one of the defendants, the time of the defendants not served to plead or answer must be considered as commencing at the date of the order of court sustaining the demurrers, and giving plaintiffs leave and time to file amended complaints. We think this point untenable. The defendants all appeared at the time of filing the demurrers to the first complaints, and judgments were had in their favor upon said demurrers. Such appearance was a waiver of service of summons, and necessarily of the intervening time between service of summons, had they been served, and the time at which they filed their demurrers. And further, the actions are not separable, as between the defendants, and they could not be removed as to two of the defendants only. They must be removed as to all or none.

It is further urged by defendants that these motions to remand are premature, at the present time, and cannot now be entertained or heard by the court. It is contended that, as the removal act only requires the defendant to file a copy of the record of the case in this court "on the first day of its then next session, *   *   * and, said copy being entered as aforesaid in said circuit court, the cause shall then proceed in the same manner as if it had been originally commenced in said circuit court," therefore the court cannot entertain these motions until the next term of court, to-wit, next November term or session. In support of this position counsel cite *Railroad Co.* v. *Koontz,* 104 U. S. 5. We do not consider this case particularly applicable to the cases before us. The point here involved was not considered or discussed in that case, but rather the reverse, to-wit, the power of the circuit court to permit a copy of the record to be filed after the first day of the term when it should have been filed. And the supreme court held that, in a proper case, on cause shown, the circuit court might permit the record to be filed after the first day of the term at which it was due. But the opinion in that case does not intimate that the record may not be filed in the circuit court at any time after the petition and bond are filed in the state court, and before the next term of the circuit court, by any party interested, other than the removing party, or that, being so filed, the circuit court would not have full jurisdiction of the case. Counsel also cite *Railway Co.* v. *Lumber Co.*, 36 Fed. Rep. 9. This case is closely analogous to the cases before us, but we are not able to concur in the conclusions reached in that case. Indeed, we think the tendency of the authorities cited and referred to in that case is to an opposite result. It does not appear from that case, as reported, whether or not there is any rule of court in the eighth circuit regulating the matter of procuring the record from the state court by any party other than the party seeking to remove it, and filing it in the circuit court. From the fact that no mention is made of any such rule of court, we infer that the court has not adopted any such rule in reference thereto, as prevails in this circuit. Rule 79 of this circuit provides:

" Whenever proper proceedings have been perfected in a state court to remove a case from such court to this court, pursuant to any statute of the

United States, either party may at any time thereafter, as of course, file the transcript required by law in this court, and serve written notice of such filing upon the adverse party or his attorney; and upon filing in this court satisfactory evidence of the service of such notice the clerk shall enter the action upon his register, and thenceforth the provisions of rule 78 of this court shall be applicable thereto, and the same proceedings may be thereafter had as if the transcript had been filed by the party removing the case at the time prescribed by law."

Rule 78 provides in regard to amendments of pleadings, etc. Rule 79 was adopted in March, 1879. It was made under the authority of section 918, Rev. St., which provides:

"The several circuit and district courts may from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the supreme court under the preceding section, make rules and orders directing the return of writs and process, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

Rule 79 was the outgrowth of the case of *Mining Co.* v. *Bennett*, 4 Sawy. 289, and was intended to cover that and all similar cases where long delay might occur by reason of the neglect of the removing party to file the record in this court. As said by the court in that case:

"It is true, as urged by defendant, that the statute makes no provision for filing the copy of the record before the first day of the next succeeding term, or by any other person than the party removing the cause. But it is also true that there is nothing prohibiting the filing of the record at an earlier day, or by any party interested other than the one removing the cause."

The reasoning of the court in that case is applicable in the cases before us. The next term or session of this court begins November 4th. The petitions and bonds for removal were filed July 3d. Hence, if defendants' contention is correct and tenable, there must be a delay of four months in these cases; and this merely for delay, for, as we have seen, upon examination of the records, the cases would have to be remanded whenever the court should take them up and consider them, four or five months hence. But it is conceded that for some purposes the circuit court may and will assume jurisdiction of a case before the record is filed by the removing party, and will issue such writs and make such orders as may be necessary to preserve the rights of the parties; and this from the apparent necessity of preserving those rights. That in such cases this court may and will issue or discharge writs of attachment, issue or dissolve injunctions, appoint receivers or discharge them, issue commissions to take testimony; in short, will exercise its highest authority and powers, and virtually assume full jurisdiction of the case and parties. This, in effect, is the substance of the authorities cited in *Railway Co.* v. *Lumber Co.*, *supra*. But will or can a court properly exercise these high powers and functions without first inquiring and determining whether or not it has jurisdiction to make any orders in the case affecting the rights of the parties? In the cases cited in *Railway Co.* v. *Lumber Co.*,

*supra*, it is evident that the record in each case, to a certain extent, and in some form, fully or in brief, and by some means, must have been laid before the court, before the court could have been asked to make any orders therein. And why should a court hesitate, or decline to look fully into the record, in the first instance, and determine whether or not it has any jurisdiction of the case, when, months afterwards, it must make this examination, and, failing to find jurisdictional facts, must vacate all orders theretofore made, and remand the case to the state court? Jurisdiction, when challenged, is the first and fundamental question to be settled in all cases, and without it all proceedings are vain. Without the aid of rule 79 we would have little hesitancy in holding that these motions to remand could now be properly entertained and heard by the court. We think the statute directory, not mandatory, in requiring the defendant to file a copy of the record in the circuit court "on the first day of its next session." In *Railroad Co.* v. *Koontz, supra*, it was held that, if the removing party did not file a copy of the record on the first day of the term, it was in the discretion of the court to permit it to be filed thereafter on cause shown. If the statute is directory as to time, is it not equally so as to person? It certainly does not prohibit the filing of the record by any person interested other than the defendant, or at a date earlier than the first day of the next session of court.

Rule 79 of this court has been in effect for 10 years. It is believed that it is not opposed to, or in contravention of, any statute, or of the rights of any party litigant. On the contrary, its sole object and purpose is to carry out the express terms of the statute "for the advancement of justice, and the prevention of delays in proceedings." The practical working of the rule has been most salutary, and demonstrative of its wisdom, utility, and propriety. It works no hardship upon any one not seeking delay only; and courts will not brook wanton delay in proceedings before them, when the opposite party is urging audience and judgment. We are not disposed to vacate or rescind a rule believed to be wholly lawful, and in harmony with the statute, the practical effect of which is only good, and in aid of "the advancement of justice and the prevention of delays in proceedings," in this court. Let the cases be remanded to the proper state court.