KELLEY-GOODFELLOW SHOE CO. v. MILLIGAN et al., (SCALES, Intervener.)

(Circuit Court of Appeals, Eighth Circuit.    September 18, 1893.)

No. 214.

ASSIGNMENT FOR BENEFIT OF CREDITORS—TITLE OF ASSIGNEE—RIGHTS OF AT-TACHING CREDITORS.

A firm executed a bill of sale of their goods, notes, accounts, and other assets, in order that the transferee should use the property in the pay-

ment of firm debts, for some of which he was liable, because the business had been conducted in his name, and should return the surplus. The transferee subsequently made an assignment of his own and the firm property for the benefit of his creditors. *Held* that, whether the bill of sale was or was not valid as an assignment for benefit of creditors, the transferee's assignee could not claim title to the firm property as against attaching creditors of the firm.

In Error to the United States Court in the Indian Territory.

At Law. Action by the Kelley-Goodfellow Shoe Company against Isaac H. Milligan and others for the price of goods sold and delivered. A writ of attachment having been issued and levied, Peter J. Scales intervened, and filed an interplea, claiming possession of the attached property, and verdict and judgment were rendered in his favor. Plaintiff appeals. Reversed.

Statement by SHIRAS, District Judge:

From the record in this case it appears that John R. Mayfield at one time owned a stock of merchandise at Webber's Falls, in the Indian Territory, which he sold to Isaac H. Milligan on credit, receiving security on a farm owned by Milligan, and being entitled to one-half the profits derivable from the store business until the debt due him from Milligan was fully paid. The management of the mercantile business was placed in the hands of G. F. Wilson, and subsequently a further agreement was made under which Milligan put a further sum of $1,800 into the business, one-third of the profits being paid to Mayfield to apply on the debt due him from Milligan, the remaining two-thirds being divided between Wilson and Milligan.

In December, 1890, W. L. Geren and G. F. Wilson formed a partnership under the name of Geren & Wilson, and purchased the stock of goods and business from Milligan, paying him the sum of $800, and agreeing to pay the amount still due and owing to Mayfield. Owing to the fact that neither Geren or Wilson were at that time licensed to do business in the Indian Territory, it was agreed that until such license was obtained the store should be conducted under the name of I. H. Milligan. In March, 1891, some of the creditors began to press for payment of their claims, and thereupon Milligan induced Geren, in the absence of his partner, Wilson, to execute a bill of sale in the firm name, conveying the goods, notes, accounts, and other firm assets to Milligan, who was to use the property in the payment of the firm debts, and to return the surplus to Geren & Wilson. This transfer was subsequently acquiesced in by Wilson. On the 13th of March, 1891, Milligan executed a written instrument, purporting to be a deed of assignment, whereby he conveyed to Peter J. Scales "all the merchandise, goods, wares, and fixtures of every description in the storehouse used and occupied by me at Webber's Falls, Indian Territory, and known as the 'Old Mayfield Store,' and all notes and accounts and other evidences of indebtedness due me from whomsoever, and all personal property, of whatsoever nature the same may be and wheresoever the same is situated, except my household furniture and wearing apparel, and whatever else may be exempt to me by law; * * * to sell, and out of the proceeds of sales and collections said Peter J. Scales will pay to my creditors as follows: First. He shall pay to W. T. Hutchings the sum of two hundred and fifty dollars, ($250,) his fee for services in preparing and perfecting this assignment, the same not being for any future service; and the claims of W. J. Echols & Co., of Fort Smith, Arkansas. These to be paid in full. Second. The residue shall be paid to all my creditors, share and share alike."

On the 14th day of March, 1891, the Kelley-Goodfellow Shoe Company brought an action at law, aided by attachment, in the United States court for the Indian Territory, against I. H. Milligan, William Geren, and G. F. Wilson, to recover the sum of nine hundred and ten and 10-100 dollars, due for goods sold, and caused the attachment writ to be levied upon the stock of goods covered by the bill of sale executed by Geren & Wilson to I. H. Milligan. In this action Peter J. Scales intervened, and filed an interplea, wherein he

averred that he was entitled to the possession of the attached property by virtue of the deed of general assignment executed to him by Isaac H. Milligan. The issue thus created was tried before the court and jury, and a verdict was rendered in favor of the interpleader, sustaining his right to the goods attached, upon which judgment was entered by the court, to reverse which the Kelley-Goodfellow Shoe Company brings the case before this court upon writ of error.

L. P. Sandels and J. M. Hill, for plaintiff in error.

W. T. Hutchings, for defendant in error.

Before SANBORN, Circuit Judge, and SHIRAS and THAYER, District Judges.

SHIRAS, District Judge, (after stating the facts.) In the petition of intervention or interplea filed by Peter J. Scales, all the right or title claimed by him in or to the attached property or its proceeds was that held by him as assignee of Isaac H. Milligan, under the deed of assignment of March 14, 1891. He did not claim to be a purchaser in his own right for value of the property. If the money realized from the sale of the attached property, and now under the control of the trial court, through the possession of the receiver appointed in the case, is paid to the defendant in error, in pursuance of the judgment rendered by the court below, the same will be held by Scales, in trust, for the benefit of the parties named in the deed of assignment to him, who are individual creditors of Milligan. The ultimate question at issue on the trial was whether Scales, as assignee of Milligan, was rightfully entitled to the attached property or its proceeds, in order that he might use the same in paying the creditors of Milligan. The trial court instructed the jury that the deed of assignment from Milligan to Scales was valid on its face; that it vested the legal title to the property in dispute and the possession thereof in the interpleader, Peter J. Scales; that if Milligan took back the stock of merchandise previously sold to Geren & Wilson, because of their failure to pay the indebtedness they had agreed to pay, and in order that he might dispose of the stock and pay his own debts, then the bill of sale to him was not an assignment, but that if, in fact, it was an assignment for the benefit of creditors, it was void under the law; and that if subsequently Milligan made an assignment of these goods for the purpose of paying the debts contracted in their purchase with the knowledge of Geren & Wilson, or if they ratified his act after the same was done, then the transfer of the property from Geren & Wilson to Milligan could in no wise affect the validity of the assignment from Milligan to the interpleader. The instructions given to this effect were excepted to, and the giving thereof is assigned as error.

The effect of the instructions given the jury was to eliminate from the case the question of the title held by Milligan under the bill of sale executed to him by Geren & Wilson. The evidence shows without contradiction that in December, 1890, Geren & Wilson bought the goods and business from Milligan, paying him in cash $800, and agreeing to pay the balance due Mayfield from Milligan.

The title of the goods unquestionably passed from Milligan to Geren & Wilson at that time.    We fail to find in the record any evidence to sustain the theory that the transfer of the property made in March, 1891, from Geren & Wilson to Milligan, was intended to be a rescission of the original contract between these parties.    On the contrary, all the testimony is to the effect that the bill of sale was intended to transfer the firm property to Milligan, in order that he might realize therefrom the means necessary to discharge the firm debts, including the sum due Mayfield, and the other creditors who could hold Milligan liable to them, because the business for a time had been run in his name.    It is clear, therefore, that the property was conveyed to Milligan in trust, and not absolutely.    It was conveyed to him for the purpose of enabling him to realize therefrom a sum sufficient to pay the debts of the grantor firm, the surplus to be returned to Geren & Wilson.    In substance, the conveyance was an assignment for the benefit of creditors. Whether it had the requisites to constitute it an assignment under the statute in force in the Indian Territory is immaterial.    Milligan received the property for the purposes contemplated by the grantors, and he could not, by refusing to carry out the trust imposed on him, make the property his own.    Finding nothing in the evidence which tends to show that, in the making the bill of sale to Milligan, it was the intent of Geren & Wilson to rescind the contract with Milligan, whereby they became the owners of the property and business, it must be held that it was error to submit the question to the jury, as was practically done in the first part of the third instruction given the jury.    In the latter half of this instruction the court held that, if the transfer to Milligan was in fact an assignment, it was void as a matter of law, and therefore it would not affect the validity of the assignment made to Scales, if the same was made with the knowledge of Geren & Wilson, or if they ratified his act after it was made.    The court did not state the reasons for holding the bill of sale, considered as an assignment for the benefit of creditors, to be void as matter of law.    In the argument of counsel it is said the reason was that no inventory or bond was filed by the assignee.    A failure to observe the substantial requirements of the statute regulating assignments or fraud upon part of the assignee will enable the creditors to attack the assignment, if they so desire.    As to them the assignment becomes voidable at their option, but they may waive the irregularity or fraud, and elect to have the trust carried out for their benefit.    This option, however, is not possessed by the assignee named in the deed. If he accepts the trust, and receives the property for the purposes thereof, he cannot be permitted to assert a title to or interest in the property adverse to the trust, on the ground that the transfer to him is lacking in formality, or does not meet the requirements of the statute, and still less can he be permitted to assert that the assignment to him has become void or inoperative because he himself has failed to file an inventory or give bond in accordance with the provisions of the statute.    In effect, the jury was instructed that even if the conveyance to Milligan was intended to be an as-

signment for the benefit of the creditors of Geren & Wilson, and Milligan received the property charged with the duty of realizing therefrom the sum necessary to discharge the debts of Geren & Wilson, the surplus left, if any, to be returned to Geren & Wilson, such conveyance was void as a matter of law, and Milligan could deal with the property as his own, and that the conveyance to Scales was valid if the same was made with the knowledge of Geren & Wilson. This instruction ignored the rights of the creditors of Geren & Wilson, the beneficiaries of the conveyance to Milligan, and of Geren & Wilson, the owners of the property conveyed to Milligan in trust. Certainly, mere knowledge on part of Geren & Wilson of the execution of the deed of assignment to Scales would not estop them or their creditors from objecting thereto. Consent on their part might have that effect upon Geren & Wilson, but not mere knowledge of the fact of the transfer. It seems clear that the instructions of the court were framed upon a misapprehension of the real issue involved, and of the rights of the parties dependent thereon. Beyond dispute, it appears that all the right or title which Milligan had to the attached property, when he executed the deed of assignment to Scales, was that derived from the conveyance to him by Geren & Wilson.

If, according to the view of the court below, this conveyance was absolutely void, then Milligan took no title thereunder. The title remained in Geren & Wilson, and Milligan held the mere possession of the property as their agent or trustee. If, however, the conveyance to Milligan was intended to be an assignment for the benefit of the creditors of Geren & Wilson, then the title passed to Milligan as trustee, charged with duties and obligations both to Geren & Wilson and their creditors. In neither view of the case did Milligan become vested with the absolute ownership of the property, nor could he repudiate the duties of his position of trustee, and be thereby enabled to convey the property to Scales as his assignee, and charge the property with a trust in favor of his individual creditors. Certainly, Milligan could not himself lawfully use the property received in trust in the payment of his individual debts, and what he could not lawfully do himself he could not empower his assignee to do. Under the instructions given by the court, the jury could find only in favor of the interpleader, and the practical effect of the judgment rendered upon the verdict is to hold that Scales, as assignee of Milligan, is entitled to the proceeds of the attached property, in order that he may pay the same to the creditors of Milligan. We fail to find upon the record any evidence which sustains the theory that the property passing to Milligan by virtue of the conveyance from Geren & Wilson became his property, so that he could lawfully appropriate it to the payment of his own debts; and hence the ruling of the court below that the deed of assignment executed by Milligan conveyed the title and possession of this property to Scales was clearly erroneous, and requires a reversal of the judgment entered in the circuit court. A number of other assignments of error are made and have been discussed

by counsel in their briefs, but it is not necessary to consider them in view of our ruling upon the main question at issue between the parties.

Reversed at cost of defendant in error, and cause remanded to the court below, with instructions to grant a new trial.