## PRICE v. LEHIGH VAL. R. CO.

### (Circuit Court, N. D. New York. January 28, 1895.)

REMOVAL OF CAUSES—TIME OF APPLICATION.

When the time allowed by the laws of the state to defendant to answer has expired, without legal extension, the right of removal is lost, although there is an understanding between the parties for an extension of the time to answer, for their mutual convenience, and although the state court has power to enlarge such time, or to open defendant's default and receive an answer.

This was an action by Charles L. Price against the Lehigh Valley Railroad Company, brought in a court of the state of New York,

and removed by defendant to the United States circuit court. Plaintiff moved to remand.

Herbert Price, for plaintiff.

Taber & Brainard, for defendant.

COXE, District Judge. When the defendant permitted the 20 days allowed by the New York Code of Civil Procedure to expire without legal extension it lost the right to remove. The defendant was required "by the laws of the state" to answer the complaint on or before October 19, 1894. Assuming that the language of the removal act "or the rule of the state court" (25 Stat. 433, 435) is applicable where the time to answer is fixed by the laws of the state, it does not aid the defendant. The time to answer was not extended by a rule of the state court. It was extended pursuant to an understanding between the parties for their mutual convenience. Oral stipulations of this kind are not recognized. Rule 11, N. Y. Sup. Ct.; Leese v. Schermerhorn, 3 How. Pr. 63; Broome v. Wellington, 1 Sandf. 664. In legal contemplation it was as if a default existed after October 19th, and, although the state court was clothed with power to enlarge the time and even to open a default and receive defendant's answer, it had no power to revive a right once lost by noncompliance with the statute. The removal on December 13th was too late. It was sanctioned neither by statute nor by rule. Doyle v. Beaupre, 39 Fed. 289, and cases cited; Austin v. Gagan, Id. 626; Delbanco v. Singletary, 40 Fed. 177; Velie v. Accident Co., Id. 545; Daugherty v. Telegraph Co., 61 Fed. 138; Spangler v. Railroad Co., 42 Fed. 305; Bowers v. Supreme Council, 45 Fed. 81. Remand granted.