### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

GARRARD v. SILVER PEAK MINES et al.

(Circuit Court, D. Nevada. August 24, 1896.)

No. 617.

1. PETITION FOR REMOVAL—TIME OF FILING.

A motion by defendant for the dissolution of an injunction is not a plea or answer, within the meaning of Supp. Rev. St. p. 613, requiring a petition for removal to be filed before defendant is required by the state law to file his plea or answer.

2. REMOVAL—NOMINAL PARTY.

A defendant whose only interest in the property in suit is the ownership of an option to buy it on condition that a clear title be given, and that he shall pay a certain sum within a given time, is a nominal party merely, whose joinder does not affect the right of removal.

Motion to Remand.

Reddy, Campbell & Metson, for the motion.

M. A. Murphy, contra.

HAWLEY, District Judge (orally). This suit was commenced in the state court December 21, 1895, to recover possession of certain mineral land covered with valuable deposits, containing gold and silver and other metals, and with tailings and slimes containing gold, silver, and other metals, and also to recover damages and waste committed upon the property, and for an injunction. On the day the complaint was filed, the state court issued an injunction as prayed for, without notice to the defendants. The summons was served upon the defendant the Silver Peak Mines, a corporation. On December 30, 1895, the state court extended the time for the defendant to appear and answer until the 20th day of January, 1896. On December 31, 1895, the defendant petitioned the court to dissolve the injunction; and on January 7, 1896, the court modified the injunction. On January 14, 1896, the defendant filed its petition for removal of the cause to this court, on the ground of the

diversity of citizenship between it and the plaintiff. The order of removal was then made by the state court.

Plaintiff moves to remand the cause to the state court, upon the grounds (1) that this court has no jurisdiction because the petition was not filed in time; (2) that defendant L. J. Hanchett is a resident and citizen of the same state as the plaintiff, and that the controversy between the respective parties is not severable.

The statute provides that the petition for removal may be filed in the state court "at the time or at any time before the defendant is required by the laws of the state or the rule of the state court in which suit is brought, to answer or plead to the declaration or complaint of the plaintiff." Supp. Rev. St. 1874–91, p. 613.

The defendant, under the laws of the state of Nevada and the practice of the state courts, was not required to plead or answer until January 20, 1896. The petition for removal was filed in and allowed by the state court prior to that time. It is, however, argued by plaintiff that the defendant, by appearing in the state court, and moving for a dissolution of the injunction, was thereby deprived of the right to thereafter move to transfer the cause to this court. It is unnecessary to review the authorities cited by counsel as to what constitutes a general appearance in a case. It is enough to say that, in my opinion, the motion made by the defendant for the dissolution of the injunction is not the sort of a plea or answer contemplated by the provisions of the act before quoted. Mahoney v. Association, 70 Fed. 513.

In Rycroft v. Green, 49 Fed. 177, the court said:

"It is the law and practice of this circuit that an extension of time to answer by order of court, whether made on stipulation or not, extends the time for removal."

See Phenix Ins. Co. v. Charleston Bridge Co., 13 C. C. A. 58, 65 Fed. 628; Price v. Railroad Co., 65 Fed. 825.

In Martin v. Railroad Co., 151 U. S. 673, 687, 14 Sup. Ct. 538, the court, in determining the true meaning of the statute in question, said:

"Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court; so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States."

The petition for removal was filed within time.

The second ground of the motion cannot be sustained. The diversity of the citizenship and residence of the plaintiff and the defendant corporation is undisputed. The defendant corporation, upon this motion, has filed an affidavit of L. J. Hanchett, who is made a party defendant in this suit, stating that he is, and was at the time of the filing of the complaint herein, a citizen and resident of the state of California; but this portion of his affidavit was not urged in opposition to the motion to remand. The affidavit clearly shows that the real controversy is between plaintiff and the

defendant corporation; that Hanchett does not claim to be the owner of the property; that the only interest he has is an option to purchase the property from the corporation; that one of the conditions of this option is that the corporation will give him a clear title to the property, and another is that he shall pay to the corporation a certain sum of money within a given time. It is manifest from the statements made in the affidavit that the only controversy in the suit is solely between the plaintiff and the defendant corporation. The corporation was therefore entitled to have the cause removed to this court. Henderson v. Cabell, 43 Fed. 257; Railroad Co. v. Townsend, 62 Fed. 161, 166; Safe-Deposit Co. v. Mackay, 70 Fed. 801; Mitchell v. Smale, 140 U. S. 406, 409, 11 Sup. Ct. 819, 840.

Motion to remand denied.