CHIATOVICH v. HANCHETT et al.

(Circuit Court, D. Nevada. January 25, 1897.)

1. REMOVAL OF CAUSES—PRACTICE—NOTICE OF PETITION.
   No statute or rule of practice requires a defendant to give notice to a plaintiff of the filing of a petition for the removal of a cause from a state to a federal court.

2. SAME—FILING OF TRANSCRIPT—NOTICE—REMAND.
   Failure to give notice of the filing in the federal court of a transcript of the record of a case removed from a state court, as required by rule 79 of the circuit court for the district of Nevada, constitutes no ground for remanding the cause.

3. SAME—TIME OF REMOVAL—STIPULATION EXTENDING TIME FOR ANSWER.
   Where a stipulation, signed by a party or his attorney or counsel, is of binding force, a cause may be removed from a state to a federal court within the period to which the defendant's time to answer is extended by a written stipulation, though no order of court is entered thereon.

4. SAME—CITIZENSHIP.
   A defendant, who is a citizen and resident of another state than that of the plaintiff, is entitled, under the act of 1887-88, to remove to the federal court a suit brought against him in the state court, although, at the time the suit was commenced, and the petition for removal filed, he was temporarily residing in the state where suit was brought.

Motion to Remand.

M. A. Murphy, for plaintiff.
Torreyson & Summerfield, for defendants.

HAWLEY, District Judge (orally). This is an action of libel, and was brought in the district court of Esmeralda county, Nev. The complaint was filed August 29, 1896. Summons was served on L. E. Hanchett August 31, 1896. On September 5, 1896, the district judge, for good cause shown, extended the time "to plead in the above-entitled action" to September 30, 1896. On September 26, 1896, Messrs. Torreyson & Summerfield entered their appearance in said action on behalf of the defendant L. J. Hanchett, and accepted "the time specified in the stipulation herein on file in which to plead to the complaint in said action." The terms of the stipulation referred to were "that the above-named defendants L. J. Hanchett and L. E. Hanchett shall have to and including the 15th day of October, 1896, in which to plead to plaintiff's complaint in the above-entitled action." On October 14, 1896, the defendants, by their attorneys, appeared in the district court solely for the purpose of applying to the court for an order removing the cause to the circuit court of the United States. The petition for removal was made upon the ground that the plaintiff was at the time of the commencement of the action, and still is, a citizen and resident of the state of Nevada, and that the defendants were at that time, and still are, citizens and residents of the state of California. The district court, upon the facts set out in the petition, the giving of a proper bond, etc., made an order removing said cause to this court.

The plaintiff moves to remand the cause upon several grounds: (1) That this court has no jurisdiction; (2) that the action was improperly removed; (3) that the facts stated in the petition are not.

78 F.—13

sufficient to entitle defendants to remove the cause; (4) that the time for the defendants to answer in the state court had expired before the petition for removal was filed; (5) that no notice of the filing of the petition for removal was served upon the plaintiff; (6) that defendant L. E. Hanchett was at the time of the commencement of the action, and ever since has been, and still is, a resident and citizen of the state of Nevada; (7) that defendants have not complied with rule 79 of this court requiring notice to be served on the plaintiff of the filing of the transcript from the state court.

The preliminary objections to the petition and manner of removal will first be noticed.

1. The petition for removal upon its face clearly states sufficient facts to justify the order made by the district court.

2. There is no statute of the United States, nor any rule of practice of this court, which required the defendants to give notice to the plaintiff of the filing of the petition for removal. In Fisk v. Railroad Co., 8 Blatchf. 243, 247, Fed. Cas. No. 4,828, the court said:

"The learned counsel for the plaintiff seem to suppose that the solicitor is entitled to notice of the time and place of the presenting of the petition, but this is an error. The act prescribes no such practice, and it is otherwise under all the previous statutes providing for removals. No affidavits can be read before the state court in opposition. The application on the petition is ex parte, and depends upon the papers upon which it is founded, and, if they are regular, and conform to the requirements of the statute, the court has no discretion. The act is peremptory."

To the same effect, see Stevens v. Richardson, 9 Fed. 191, 194; Whelan v. Railroad Co., 35 Fed. 849, 865; Strasburger v. Beecher, 44 Fed. 213.

In reply to plaintiff's contention that it was the duty of the state court, under the rules of practice in the said court, to require the notice to be given, it is enough to say that the right to the removal of the cause is one conferred by acts of congress, and does not in any manner depend upon the action of the state court. Fisk v. Railroad Co., 6 Blatchf. 362, Fed. Cas. No. 4,827; Hatch v. Railroad Co., 6 Blatchf. 106, 117, Fed. Cas. No. 6,204; Brigham v. Lumber Co., 55 Fed. 881, 884. It is, however, proper to add, as was said by Blatchford, J., in Wehl v. Wald, 17 Blatchf. 342, 346, Fed. Cas. No. 17,356, that:

"If, as matter of discretion, a state court can or does require notice in any case of removal, such notice was dispensed with in this case by the state court, and, the matter being one of practice, it is for the state court to regulate its own practice, and this court will not review such a question."

3. Rule 79 of this court provides that:

"Whenever the proper proceedings have been perfected in a state court to remove a case from such court to this court, pursuant to any statute of the United States, either party may at any time thereafter, as of course, file the transcript required by law in this court, and serve written notice of such filing upon the adverse party or his attorney; and upon filing in this court satisfactory evidence of the service of such notice, the clerk shall enter the action upon his register, and thenceforth the provisions of rule 78 of this court shall be applicable thereto, and the same proceedings may be thereafter had as if the transcript had been filed by the party removing the case at the time prescribed by law."

Under prior rules, a cause, when removed from the state court, was liable to remain in the clerk's office until the next term of the court without being entered upon his register, and the result was, in many cases, to cause undue delay. Rule 79 was therefore adopted for the sole purpose of enabling either party to "speed the cause."

In Delbanco v. Singletary, 14 Sawy. 124, 130, 40 Fed. 177, this court, with reference to rule 79, said:

"Its sole object and purpose is to carry out the express terms of the statute for the advancement of justice and the prevention of delays in proceedings."

The failure to give the notice before the next term of court constitutes no ground for remanding the cause.

4. The preliminary objections being disposed of, we now reach the merits of the motion to remand. Was the petition for removal filed in time? The statute provides that, whenever any party is entitled to remove any suit "from a state court to the circuit court of the United States he may make and file a petition in such suit in such state court at the time or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." It is the settled law and practice of the United States circuit courts that an extension of time to answer by order of court, whether made on stipulation or not, extends the time for removal. Rycroft v. Green, 49 Fed. 177; Phenix Ins. Co. v. Charleston Bridge Co., 13 C. C. A. 58, 65 Fed. 628; Price v. Railroad Co., 65 Fed. 825; Garrard v. Silver Peak Mines, 76 Fed. 1, and authorities there cited. This point is conceded by the plaintiff; but his contention is that a mere stipulation of counsel, without any order of the court, is insufficient to extend the time for a removal, and cites authorities in support of this proposition. Martin v. Carter, 48 Fed. 596; Schipper v. Cordage Co., 72 Fed. 803. But the question depends solely upon what "is required by the laws of the state or the rule of the state court in which such suit is brought." This court must be governed in its decision upon this point by the laws and rules of the court of the state of Nevada. By the laws of this state the supreme court is authorized to "make rules not inconsistent with the constitution and laws of the state for its own government and the government of the district courts." Gen. St. Nev. § 3612. In pursuance of that authority the supreme court adopted certain rules for the government of the district courts, among others that no agreement or stipulation of counsel should be regarded "unless the same shall be entered in the minutes in the form of an order by consent or unless the same shall be in writing subscribed by the party against whom the same shall be alleged or by his attorney or counsel." Rule 27, 20 Nev. 28, and 24 Pac. xi. In Haley v. Bank, 20 Nev. 410, 22 Pac. 1098, the court held that such rules were intended to be supplemental to the provisions of the statute as rules for the government of all proceedings in the district court, and that they should have the same force and effect as if they were incorporated in the statutory provisions of the state. No default could have been entered in the state court. The time

for defendants to plead had not expired. The petition for removal was filed in time. People's Bank v. Aetna Ins. Co., 53 Fed. 161.

5. The next and last point to be considered is in relation to the residence of L. E. Hanchett. It is at least a debatable question whether the plaintiff is in a position to urge this ground of his motion. It is presented to the court upon an affidavit of plaintiff's counsel, based upon information and belief, that L. E. Hanchett was at the time stated, and for ten months prior thereto had been, a resident of Silver Peak, in Esmeralda county, Nev. If this affidavit is entitled to consideration, then it would, in justice to the defendants, be the duty of this court to also consider the ex parte affidavit of the defendant that he was only temporarily residing in Silver Peak, to attend to the business in which his father was interested; that his father had been detained in New York, and that affiant had been compelled to remain until his father's return; that he has always claimed his residence to be in Sacramento, Cal.; that at the time of leaving Sacramento he was in the employ of the Southern Pacific Company, and that he then obtained leave of absence, which permitted him to return to his position; and that, as soon as his father returns from New York, it is, and always has been, his intention so to do. This is supplemented by the affidavit of two other persons, who confirm the defendant's statement. Considering, for the purposes of this case, that this question has been properly presented, I am of opinion that a defendant who is a citizen and resident of another state from that of the plaintiff is entitled, under the act of 1887–88 to remove a suit brought against him in the state court, although, at the time the suit was commenced and petition for removal filed, he was temporarily residing in the state where the suit was brought. Rivers v. Bradley, 53 Fed. 305; Brisenden v. Chamberlain, 53 Fed. 307.

Motion to remand denied.