## LORD v. LEHIGH VAL. R. CO.

(Circuit Court, E. D. New York. October 29, 1900.)

REMOVAL OF CAUSES—TIME FOR FILING PETITION—EXTENSION OF TIME TO ANSWER.

It is the settled practice in the Second circuit that an extension of time to answer by an order entered in a state court extends the time for filing a petition for removal.

On Motion to Remand to State Court.

Robert L. Stanton, for plaintiff.

Alexander & Green, for defendant.

THOMAS, District Judge. The proceedings to remove this action from the state to the federal court were instituted after the granting of an order extending the time to answer, and upon a motion to remand it is urged that the petition for removal must be filed at or before the defendant is required to plead by the rules of the courts of the state, and that an order extending the time to answer is not such a rule. In support of this proposition the plaintiff cites Howard v. Railway Co. (N. C.) 29 S. E. 778; Mining Co. v. Hunter (U. S. C. C., S. D. 1894) 60 Fed. 305; Velie v. Indemnity Co. (U. S. C. C., Wis. 1889) 40 Fed. 545; Austin v. Gagan (U. S. C. C., Cal. 1889) 39 Fed. 626, 5 L. R. A. 476; Delbanco v. Singletary (U. S. C. C., Nev. 1889) 40 Fed. 177, 178; and Kaitel v. Wylie (U. S. C. C., Ill. 1889) 38 Fed. 865.

In Rycroft v. Green (C. C.) 49 Fed. 177, Judge Lacombe stated:

"It is the law and practice of this circuit that an extension of time to answer by order of court, whether made on stipulation or not, extends the time for removal. This was settled practice here before the decisions in other circuits which are referred to on the argument, and, in view of what an extension of time to answer is, under the Code rules and practice of the courts of this state, seems conformable alike to the letter and the spirit of the removal act."

This holding was followed or justified in the following cases arising in the Second circuit: Winberg v. Lumber Co. (C. C.) 29 Fed. 721; Simonson v. Jordon (C. C.) 30 Fed. 721; Dwyer v. Peshall (C. C.) 32 Fed. 497; Price v. Railroad Co. (C. C.) 65 Fed. 825; Schipper v. Cordage Co. (C. C.) 72 Fed. 803; Allmark v. Steamship Co. (C. C.) 76 Fed. 614; and Mayer v. Railroad Co. (C. C.) 93 Fed. 601. A similar ruling has been made in other circuits. Lockhart v. Railroad Co. (U. S. C. C., Tenn. 1889) 38 Fed. 274; People's Bank v. Ætna Ins. Co. (U. S. C. C., S. C. 1892) 53 Fed. 161; Chiatovich v. Hanchett (U. S. C. C., Nev. 1897) 78 Fed. 193, 195; Wilcox & Gibbs Guano Co. v. Phœnix Ins. Co. (U. S. C. C., S. C. 1894) 60 Fed. 929. The practice of this circuit requires a denial of the motion to remand.