### PAOLICELLI v. SAMUELS.

(District Court, E. D. New York. November 28, 1921.)

Removal of causes ⚖⊃17—Defendant loses right of removal by appearing and filing answer in state court.

By appearing in the state court and filing an answer after return day, a defendant *held* to have lost the right to remove the cause.

At Law. Action by Maria Paolicelli, administratrix, against Harry Samuels. On motion to remand to state court. Motion granted.

Francis G. Hoyt, of New York City, for plaintiff.

Frederick Mellor, of New York City (St. Clair X. Hertel, of New York City, of counsel), for defendant.

GARVIN, District Judge. This is a motion by plaintiff to remand the cause to the state court. The defendant was served with summons within the state of New York on September 28, 1921, and served an answer to the complaint on October 20, 1921, a default of two days being waived. On October 31, 1921, an amended answer was served, with notice that a petition to remove the action to the federal court would be filed on that day. Plaintiff is an alien, residing in the Southern district of New York; defendant is a resident of New Jersey.

The plaintiff contends that the motion must be granted because the petition for removal to the federal court was not filed on or before October 18, 1921, on which day defendant's time to answer the original complaint expired. By appearing in the state court and filing an answer, the defendants lost all right to remove the cause. Doyle v. Beaupre et al. (C. C.) 39 Fed. 289; Woolf v. Chisolm (C. C.) 30 Fed. 881. The case of Penniman v. Fuller & Warren Co., 133 N. Y. 442, 31 N. E. 318, indicates that the New York Court of Appeals has reached a different conclusion with respect to a state statute phrased in a somewhat similar manner, but that cannot justify a disregard by this court of well-settled authorities.

If the action were removable, it would appear that it should be removed to the federal court of this district. Matarazzo v. Hustis (D.

C.) 256 Fed. 882; Matter of Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53
L. Ed. 1061; Matter of Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L.
Ed. 1203.

Motion to remand granted.