## MAYER v. FT. WORTH & D. C. R. CO. et al.

### (Circuit Court, S. D. New York. April 8, 1899.)

REMOVAL OF CAUSES—TIME FOR FILING PETITION.

 Under rule 24 of the general rules of practice of New York adopted January 1, 1896, which provides for the extension of the time for serving a pleading "by stipulation or order," a stipulation extending the time to answer until a date named may be regarded as fixing the time when the defendant is required to answer "by the rule of the state court" within the meaning of the removal act, and a petition for removal filed previous to that date is in time.

On Motion to Remand.

A. J. Dittenhoefer, for plaintiff.
Noah H. Swayne, for certain defendants.

LACOMBE, Circuit Judge. It is contended that the cause was removed too late, because, although there had been a stipulation between counsel that time to answer might be extended to a date subsequent to that on which petition for removal was filed, no order of court to that effect had ever been obtained. Such contention is in accordance with the decision of this court in Schipper v. Cordage Co., 72 Fed. 803, and in subsequent cases. As the rules of the state court then stood, it was thought that a mere stipulation to extend (without order) could not be construed as requiring answer to be served on the

day named, "by the rule of the state court," which is the phrase used in the federal statute. Attention is now called to the revised phraseology of rule 24 (general rules of practice of the state), adopted January 1, 1896, which reads as follows:

"Rule 24. * * * When the time to serve any pleading has been extended by stipulation or order for twenty days, no further time shall be granted by order except upon two days' notice to the adverse party of the application for such order."

This rule, coupled with the stipulation, may fairly be held to make an extension "by rule of the state court," and the removal should be held to be in time. The defendant Dodge, who, it is alleged, is a citizen of New York, does not seem to be a necessary party. Motion to remand denied.