QUILHOT et al. v. HAMER.

(Circuit Court, N. D. New York. December 27, 1907.)

1. JUDGMENT—DEFAULT—VACATION—TIME—TERMS.

Where judgment had been entered against defendant by default, the court had power to set aside the judgment and fix a time within which an answer might be served, on terms under Code Civ. Proc. §§ 783, 784, providing that after the expiration of the time within which a pleading must be made, or any other proceeding in an action after its commencement must be taken, the court for cause may in its discretion, and on such terms as justice requires, relieve the party from the consequences of the omission to do the act and allow it to be done, except as otherwise prescribed by law, on such terms as justice may require, at any time within one year after notice thereof, and may open the judgment taken against the party for his mistake, inadvertence, or excusable neglect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 262–264.]

2. REMOVAL OF CAUSES—TIME TO ANSWER—VACATION OF DEFAULT.

The New York Code of Civil Procedure requires the filing of an answer or pleading to be served within 20 days from the service of the summons and complaint, and authorizes the court by order to extend the time to answer. The statute regulating removal of causes provides that, when-

ever any party entitled to remove may desire to remove the suit to the Circuit Court of the United States, he may make and file a petition in such suit in the state court at the time or at any time before the defendant is required by the laws of the state or rule of the state court in which such suit is brought to answer or plead to the declaration or complaint. Judgment having been entered against defendant by default on December 12, 1906, more than 20 days after service, defendant on April 2, 1907, applied for an order opening his default, and vacating the judgment, tendering a proposed answer, which motion was brought on for hearing on April 13th, and the court ordered that the motion be granted, and that the answer tendered stand as defendant's answer in the action as served on the date of the service of the motion papers, on condition that defendant pay certain costs and disbursements within 15 days from the date of the order. *Held*, that the time to answer under such order within the removal act, expired on April 2, 1907, and that defendant after having complied with the conditions of the order was not then entitled to remove the cause.

Motion to Remand Cause from the United States Circuit Court to the Supreme Court of the State of New York on the Ground that the Removal from the State to the Circuit Court Was Not in Time.

H. V. Borst, for the motion.
Hotchkiss and Barber (H. J. Cookinham, of counsel), opposed.

RAY, District Judge. The summons was served on the defendant personally in the state of New York on the 15th day of November, 1906. As the defendant did not appear, judgment, as demanded in the summons, was entered against him on the 12th day of December, 1906, more than 20 days after such service. On the 2d day of April, 1907, the defendant served motion papers, asking a rule or order opening his default and vacating the judgment. The notice of motion stated that such motion would be brought on for a hearing on the 13th day of April, 1907, at a designated Special Term, and it was brought on to be heard and was heard on that day. With the notice of motion there was served a proposed answer which was duly verified on the 28th day of March, 1907, as required in such cases by the practice of the Supreme Court of the state of New York. On the hearing of the motion the court decided as follows:

"Ordered that the default of the defendant be, and it is hereby, opened and the judgment herein against the defendant entered and docketed in the Montgomery county clerk's office on December 12, 1906, be, and, it is hereby, vacated and set aside and the said county clerk is hereby directed to cancel of record said judgment; and it is further ordered that the defendant may appear and answer herein, and that the answer served with the motion papers herein may stand as the answer of the defendant in this action as served on April 2, 1907, the date when the motion papers herein were served, upon the condition that the defendant pays to the plaintiffs, or their attorney, the costs taxed in said judgment, the sum of $29.68, and the sum of $200, the amount expended by plaintiffs in attempting to collect said judgment since the entry thereof, also $10 costs of this motion. This order is not to be entered by the clerk of this court, unless it is accompanied by a receipt showing the said sums aggregating $239.68 have been paid within 15 days from the date thereof."

Excluding the 13th day of April, defendant had until April 28th in which to pay such costs, and, when the costs were paid, the order was to be entered, and not before. The language of the order was:

"The defendant may appear and answer herein, and that the answer served with the motion papers may stand as the answer of the defendant in this action as served on April 2, 1907, the date when the motion papers herein were served, upon the condition that the defendant pays to the plaintiffs * * * the costs. * * * This order is not to be entered by the clerk of this court unless it is accompanied by a receipt showing the said sums aggregating $239.-68 have been paid within 15 days from the date thereof."

On the 27th day of April, and within the 15 days, the defendant paid the costs and sums imposed, filed the receipt showing such payment, and the clerk entered the order. It then became effective, the order of the court. Having paid the costs, filed the receipt, and entered the order, the default was then, on the 27th day of April, 1907, opened, and on that day defendant became entitled to answer in the mode prescribed by the order, and on that day the proposed answer actually became the answer in the case, but it became, by the very terms of the order, the answer as served on the 2d day of April, 1907, and was to stand as the answer in the case as if served that day. There was, however, no answer, only a proposed or tendered answer, up to April 27, 1907. On the same day, April 27, 1907, the petition and other papers for the removal of the case to the Circuit Court of the United States were duly filed in the proper office.

One question is, in view of that order providing that "the answer served with the motion papers may stand as the answer of the defendant as served on April 2, 1907": Was the answer served April 2d and on that day did defendants' time to answer or plead expire, or did it expire on the day the order was entered and became effective, viz., April 27, 1907? Another pertinent question, in view of the language of the statute giving the right to remove and fixing the time when removal may be made, is: Did not the time to remove expire 20 days from the 15th day of November, 1906, or on the 6th day of December, 1906? Was not that "the time" when "the defendant was" required by the laws of the state "of New York" or the rule of the state court in which "the suit was brought to answer or plead to the declaration or complaint of the plaintiff"? Under the provisions of the Code, had defendant appeared December 6th by serving notice of retainer and demanding a copy of the complaint, the plaintiff would have had 40 days to serve the complaint, or until January 17, 1907, and, if served by mail, defendant would have had until February 27th in which to serve his answer. But, as he did not appear, I think his time to plead expired on his default. Having no right to appear and demand and require service of a copy of the complaint after December 6th, he had no right to answer. His time had expired. His rights thereafter depended on the special order of the court in opening his default.

There is no pretense of any stipulation of the plaintiff extending the defendants' time to plead or answer. There is no pretense of any order of the court expressly extending the defendants' time to plead or answer aside from the one granted opening the default. No application was ever made to the court or to a Judge thereof for such a rule or order. The only application made to the court was for a rule or order opening the default, and allowing the defendant to plead or

answer. The court had power to make such an order, and to fix the time within which the answer should be served, if allowed to be served. Section 783 of the Code of Civil Procedure provides:

"Sec. 783. After the expiration of the time, within which a pleading must be made, or any other proceeding in an action, after its commencement, must be taken, the court, upon good cause shown, may, in its discretion, and upon such terms as justice requires, relieve the party from the consequences of an omission to do the act, and allow it to be done; except as otherwise specially prescribed by law."

See, also, section 724, Code Civ. Proc., which reads:

"The court may likewise, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect; and may supply an omission in any proceeding. * * *"

The order made, when the costs were paid, of course, operated as an extension, was in effect practically an extension of the time; but did it in any way change "the time" when the defendant was "required by the laws of the state or the rule of the state court * * * to answer or plead"? The language of the statute is:

"That whenever any party entitled to remove, any suit * * * may desire to remove such suit from a state court to the Circuit Court of the United States, he may make and file a petition in such suit in such state court at the time or at any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff for the removal of such suit. * * *"

The Code of Civil Procedure of the state requires the answer or pleading in such a case to be served within 20 days from the service of the summons and complaint, and also authorizes the court by order to extend the time, and the rules recognize a stipulation extending the time as equivalent to an order. Simonson v. Jordan (C. C.) 30 Fed. 721; Mayer v. F. W. & D. C. R. Co. (C. C.) 93 Fed. 601. I have already referred to cases where only the summons is served.

In this case we have no order or stipulation extending the time to answer or plead. We have an order of the court, made on granting a favor, or excusing a default, stating that the "answer served with the motion papers herein may stand as the answer of the defendant in this action as served on April 2, 1907, the date when the motion papers herein were served upon the condition," etc. This order did not give a single day beyond April 2, 1907, in which to serve an answer. The language "that the defendant may appear and answer herein" is immediately followed by the qualifying statement that the answer served April 2, 1907, is to stand as the answer and as served April 2, 1907. The order fixed what the answer was to be and the time when it was deemed to have been served, viz., the day when it was served, April 2d, and it seems to me the day when by law and the rules he was required to answer. Having been served April 2d, this answer was allowed as matter of favor to stand as the answer in the case and as served April 2d. This order granted no other right to put in any other answer or any answer on any day subsequent to April 2, 1907. Then,

how can it be said that the time when the defendant was required by the laws of the state of New York, or the rule of the state court, to answer or plead, did not expire on or as early as the 2d day of April? The 15 days related solely to the time when the costs were to be paid and the order entered. If not paid within 15 days, the order was not to be entered, and, if not paid within 15 days, there would be no answer in the case, no right to answer or to have the answer served with the motion papers stand in the case. If the costs were paid, the answer served April 2d was to be recognized as served in time, viz., April 2d, and was allowed to stand as served on that day. It seems to me clear that the proper construction of the order and its legal effect are at most that the time to answer was extended to and fixed as April 2, 1907, when, in fact, it was served. Defendant had no right on that day to serve it as an answer in the case, as his time had expired, but the court had power to open the default and permit the answer served with the motion papers to stand in the case as served that day and as defendants' answer, and that is what it did, and all it did, as to extending the time to answer. The court had the power to permit the service of this or some other answer at any reasonable time after making the order, but this it did not do or undertake to do. It is immaterial that the order was not entered until 15 days after April 13, 1907, or that it did not become effective until 15 days after that day. When it was entered and when it did become effective, it provided that the answer served April 2, 1907, should stand as the answer in the case, and should stand as served as such answer on April 2, 1907. This fixed the latest day on which he was permitted to answer even by order of the court, and this order also specified the answer he was allowed to serve. The order excused the omission or default in not serving sooner, and said it must be considered that defendant answered April 2, 1907.

The cases decided in the Supreme Court of the United States seem to limit quite strictly the construction to be placed on the statute allowing the removal of causes. Says Mr. Justice Gray in Martin v. Baltimore & Ohio R. Co., 151 U. S. 687, 14 Sup. Ct. 538, 38 L. Ed. 311, Harlem dissenting:

"Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that Congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defence whatever in that court, so that, if the case should be removed, the validity of any and all of his defences should be tried and determined in the Circuit Court of the United States."

This was approved in Wabash W. R. v. Brow, 164 U. S. 277, 17 Sup. Ct. 126, 41 L. Ed. 431. Assume this to be the law, and we find that defendant having made default was allowed to interpose a defense by an answer served April 2, 1907, and which was to stand as served that day. Then was not that the day on which he was required to make his defense? That was the day on which he did present his defense, and the court said it should stand as served in time. If it was the day when the court actually permitted him to make a defense, April 13, 1907, or decided so to do, then that was the day for removal. True,

the order permitting the answer to stand as served on April 2d was not entered until April 27th, but defendant was at liberty to enter it, but not to file his petition for removal, on the 13th or on any day thereafter up to and including the 27th. This day, the 27th, was the day on which he was permitted by the court to have his defense already served, and already made on the 2d day of April stand as made, and presented that day.

But it is said that, as he was in default, he had no right to remove during his default, and that to give this construction to the order is to deprive defendant of the right to remove at all on or after the opening of the default. This may be so, but the defendant deprived himself of the right to remove the cause to the Circuit Court of the United States by his own negligence or omission in the first instance, and the Supreme Court of the state had no power to make an order simply reviving or renewing or extending the time for a removal of the cause. Price v. Lehigh Val. R. Co. (C. C.) 65 Fed. 825, where Coxe, D. J., now C. J., said:

"In legal contemplation it was as if a default existed after October 19th, and, although the state court was clothed with power to enlarge the time and even to open a default and receive defendants' answer, it had no power to revive a right once lost by noncompliance with the statute. The removal on December 13th was too late."

See, also, Rock Island N. B. v. Keator Lumber Co. (C. C.) 52 Fed. 897, and Hurd v. Gere et al. (C. C.) 38 Fed. 537.

I am not to be understood as holding, for I do not hold or intimate, that, had the defendant obtained an order opening his default and giving a certain number of days in which to serve his answer or interpose his defense, he would not have been entitled to remove the cause at any time after the default was opened, and before the expiration of the time within which he was required or permitted by the order to answer. Such an order, being lawful and made in compliance with and by the express authority of the statutes of the state, would fix the time within which he was required by the laws of the state to answer. The time would be fixed by the court in compliance with statute, and by its authority, and hence by the laws of the state. But here we find no extension of time in which to plead or answer beyond April 2, 1907, and, as the removal was made April 27, 1907, it was too late and the motion to remand must prevail.

Motion granted.