HANSFORD v. STONE–ORDEAN–WELLS CO.

(District Court, D. Montana. December 21, 1912.)

No. 290.

1. STIPULATIONS (§ 5*)—EXTENSION OF TIME TO ANSWER—OPERATION.

A stipulation extending the time to answer under the laws of Montana is operative proprio vigore without an order of court.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. § 4; Dec. Dig. § 5.*]

2. REMOVAL OF CAUSES (§ 79*)—TIME—TIME TO ANSWER—"REQUIRED."

The word "required," as used in the Removal Act (Act March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 509]), providing that the petition and bond must be served and filed before the expiration of the time defendant is required to answer, has reference to the time when defendant to avoid any default must necessarily answer or plead to the complaint, and hence, where defendant's time to answer was extended by stipulation, a petition and bond for removal filed before the expiration of the time to answer as extended was in time.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139–160; Dec. Dig. § 79.*

For other definitions, see Words and Phrases, vol. 7, pp. 6122–6125.]

3. REMOVAL OF CAUSES (§ 84*)—NOTICE—SUFFICIENCY.

A notice of intention to remove a cause to the federal court, reciting that defendant on the day the notice was dated would file in the state

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court a petition for and bond on removal, copies of all of which were served before filing and filed on the date specified, was sufficient; the notice being only required to advise plaintiff that the suit and all future proceedings therein were about to be transferred to another tribunal, and to enable him to scrutinize the sufficiency of the petition and bond.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 164; Dec. Dig. § 84.*]

4. REMOVAL OF CAUSES (§ 95*)—PROCEEDINGS TO EFFECT REMOVAL—FILING OF PETITION AND BOND.

Mere filing in the state court of a sufficient petition and bond to remove the cause to the federal court divests the state court's jurisdiction, and vests jurisdiction in the federal court, without hearing or other order by the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 204, 205; Dec. Dig. § 95.*]

Action by William A. Hansford against the Stone-Ordean-Wells Company. On motion to remand case to the state court. Denied.

Nichols & Wilson, of Billings, Mont., for plaintiff.
J. H. Johnston, of Billings, Mont., for defendant.

BOURQUIN, District Judge. This suit was removed hither for diverse citizenship, and plaintiff moves to remand (1) for that removal was not timely; (2) for that the statutory notice of contemplated removal is insufficient.

It appears that on September 28, 1912, summons from the state court was served on defendant. On October 17, 1912, and one day before defendant was required to answer or plead to the complaint, the parties by counsel stipulated and agreed in writing that day filed in the state court that defendant could have to and including October 28, 1912, within which to appear and demur, answer, or plead to the complaint. October 26, 1912, defendant served and filed a demurrer to the complaint, a notice that a petition for and bond on removal would that day be filed, and said petition and bond. October 28, 1912, the state court ordered removal to this court. The record was timely filed herein. The removal act provides that in a suit like this at bar the petition for removal may be filed in the state court wherein the suit is brought at the time or any time before the defendant is required by the laws of the state or the rule of the said state court to answer or plead to the complaint.

[1] The laws of Montana and the rule of the said state court authorize stipulations for extension of time like unto that herein. No order of court is necessary to vitalize them. They operate proprio vigore.

[2] Their effect is that the defendant is not "required" to answer or plead to the complaint until at the time when the stipulated time is on the point of expiration, and such is the effect of the stipulation in this case. No default could have been entered against the defendant until after that time. "Required" in the removal act has reference to the time when the defendant to avoid any default must necessarily answer or plead to the complaint. Until that time comes and at it,

whether fixed by statute, by rule, or by agreement between the parties, whether it is the time originally limited or that time extended, the right of removal continues, and can be exercised. Extending the time to answer or plead, to defend, the principal thing, extends the time for removal, to choose the forum wherein to defend, an included incidental thing. The time to plead is the measure of the time to remove—is the time to remove. The federal law and the state law must be read together. The former prescribes a limitation; the latter the extent of it. From the language of the removal act, all this would seem a necessary conclusion. And it accomplishes the object of the limitation, viz., that all defendant's pleas may necessarily be determined in the federal court. The point is the subject of many cases pro and con, but, as they largely depend on state law, it would little profit to collate them. They may be found in 34 Cyc. 1276. There is dicta contra in this court, but it is only dicta. It will be remembered the time for removal is not jurisdictional, but is a rule of limitation, and, like most limitations, may be subject to waiver and estoppel, express or implied. Martin v. Railway Co., 151 U. S. 688, 14 Sup. Ct. 533, 38 L. Ed. 311, and cases cited.

[3, 4] The stipulation herein, acted on by defendant, is of the nature of both waiver and estoppel, if it were necessary to appeal to them. The removal herein was within the time limited by the removal act. The notice involved recites that defendant will on the day of its date file in the state court the petition for and bond on removal, copies of all of which were served before filing and filed on the date last aforesaid. Whatever the purpose of notice, the removal act seems to require no more. The statutory notice would seem calculated to serve no purpose but to advise the plaintiff that the suit and all future proceedings therein are about to be transferred to another tribunal, to submit to his scrutiny the sufficiency of the petition and bond, and to enable him to speed proceedings if the defendant delays therein; for, since the mere filing in the state court of a sufficient petition and bond divests the jurisdiction of the state court and vests jurisdiction in the federal court, there is no hearing necessary in and no order necessary by the state court. Comity, however, dictates both a request for and a grant of the latter.

The notice herein is sufficient. Remand is denied. Costs to defendant.