truth of the allegations of the complaint, the establishment of the new matter set forth prevents a recovery. The new matter pleaded must be such as could not be proved under the denials. If it could, then it is not new matter, but belongs under a denial, which is negative. The denials contained in the answer enable defendant to controvert the facts upon which the plaintiff bases her right to recover. The only effect of incorporating such denials in the affirmative defense is to prevent the plaintiff, in advance of the trial, testing the sufficiency thereof. A denial has no place in an affirmative defense, except when it becomes necessary to deny the existence of some fact alleged in the complaint in order to perfect the answer as a complete affirmative defense. Stroock Plush Co. v. Talcott, 129 App. Div. 14, 113 N. Y. Supp. 214; Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151; Stern v. Marcuse, 119 App. Div. 478, 103 N. Y. Supp. 1026; Frank v. Miller, 116 App. Div. 855, 102 N. Y. Supp. 277; Waltham Mfg. Co. v. Brady, 67 App. Div. 102, 73 N. Y. Supp. 540; Stieffel, v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274; Mendleson v. Margulies, 157 App. Div. 666, 142 N. Y. Supp. 825.

The order appealed from, therefore, is reversed with $10 costs and disbursements, and the motion granted with $10 costs. All concur.

---

(158 App. Div. 501.)

### EINSTEIN v. EINSTEIN.

(Supreme Court, Appellate Division, First Department. October 24, 1913.)

Appeal from Special Term, New York County.

Action by Manuela N. Einstein against Julius Einstein. From an order denying a motion to strike from an affirmative defense a denial of the material allegations of the complaint, plaintiff appeals. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Jacob H. Corn, of New York City, for appellant.
James B. Kilburn, of New York City, for respondent.

McLAUGHLIN, J. This appeal is from an order denying a motion to strike out, as irrelevant and redundant, certain allegations of the complaint set forth in an affirmative defense.

The question presented is precisely similar to the one considered in an action by this plaintiff against Monroe Einstein, 143 N. Y. Supp. 706, decided herewith. For the reasons stated in the opinion in that case, the order here appealed from is reversed, with $10 costs and disbursements, and the motion granted with $10 costs. All concur.

---

(82 Misc. Rep. 296.)

### GAIL v. ATLANTIC COAST LINE R. CO.

(Supreme Court, Special Term, Erie County. September, 1913.)

REMOVAL OF CAUSES (§ 79*)—TIME—TIME TO PLEAD—EXTENSION—DEFAULT JUDGMENT.

Judiciary Act (Act Cong. March 3, 1911, c. 231) § 29, 36 Stat. 1095 (U. S. Comp. St. Supp. 1911, p. 142), provides that any party entitled to remove a suit may file a petition, duly verified, in the state court at the time, or any time before defendant is required, by the laws of the state, or the rule of the state court in which the suit is brought, to answer

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or plead to the declaration. *Held* that, where plaintiff took default for defendant's failure to plead, and thereafter the court granted an order opening the default, and extending defendant's time to "plead or otherwise move" for 20 days from August 6, 1913, an application to remove duly made August 25th following was in time, since the order extending the time to plead or otherwise move also extended defendant's time to remove the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 135, 136, 139–160; Dec. Dig. § 79.*]

Action by Adelbert D. Gail against the Atlantic Coast Line Railroad Company. On motion for an order removing the cause to the federal court. Granted.

White & Babcock and Edward Payson White, both of Buffalo, for plaintiff.

Stewart & Shearer, of New York City, and Thomas R. Wheeler, of Buffalo, for defendant.

BISSELL, J. The defendant secured an order removing this case to the United States court on August 4, 1913; but this order was not entered and filed in the Erie county clerk's office, together with the bond presented upon the application, until August 8, 1913. The time to plead had expired on August 6, 1913, and on August 8th the plaintiff took judgment by default in this action.

On August 18, 1913, the court granted an order opening the judgment taken by the plaintiff by default, and extended the time of the defendant to "plead or otherwise move" 20 days from August 6, 1913, and at the same time the court granted a motion on behalf of the plaintiff which vacated the order of August 4, 1913, removing this case to the United States court, on the ground that an erroneous recital was contained in said order.

On August 25, 1913, the day before the time to "plead or otherwise move" expired, an application was made to this court, on a new set of papers, for an order removing the case to the United States court. The papers presented were regular, and a proper bond was presented and approved at the time by this court. These have been filed in the county clerk's office.

The only question now raised by the plaintiff is whether or not this application was made in time. The plaintiff contends that after the time to plead had originally expired, and default judgment had been taken, the defendant lost the right to remove the case to the United States court.

Section 29 of the Federal Judiciary Act of 1911 provides as follows, in prescribing the procedure for removal of causes to the federal courts:

"Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a state court to the District Court of the United States, he may make and file a petition, duly verified, *in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which*

*such suit is brought to answer or plead to the declaration* or complaint of the plaintiff. &ast; &ast; &ast;"

Inasmuch as the time of the defendant was extended to "plead or otherwise move," in accordance with the language of the order of this court, from August 6th to August 26th, and inasmuch as this application was made before the last date, the defendant is within the requirement of the statute, because it has made and filed its petition *before it was required* to plead by the law of the state or the rule of the state court.

The latest case upon the subject, and the only one which we have been able to find under the new Judiciary Act passed in 1911, is that of Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 Fed. 185. This case arose in Montana, and it appeared that on October 17, 1912, one day before the defendant was required to answer or plead to the plaintiff's complaint, a stipulation was entered into and signed by the counsel for both parties, extending the time for the defendant to plead up to and including October 28, 1912. On October 26th the defendant filed the proper removal papers. The plaintiff contended that these were not filed in time. The court in its opinion, at page 186, said in part:

"The laws of Montana and the rules of the said state court authorize stipulations for extension of time like unto that herein. No order of court is necessary to vitalize them. They operate *proprio vigore*. Their effect is that the defendant is not 'required' to answer or plead to the complaint until at the time when the stipulated time is on the point of expiration, and such is the effect of the stipulation in this case. No default could have been entered against the defendant until after that time. 'Required' in the removal act has reference to the time when the defendant, to avoid any default, must necessarily answer or plead to the complaint. Until that time comes, and at it, whether fixed by statute, or rule, or by agreement between the parties, whether it is the time originally limited, or that time extended, the right of removal continues, and can be exercised. Extending the time to answer or plead, to defend, the principal thing, extends the time for removal, to choose the forum wherein to defend, an included incidental thing. The time to plead is the measure of the time to remove—is the time to remove. The federal law and the state law must be read together. The former prescribes a limitation; the latter the extent of it."

In the case of Quilhot v. Hamer (C. C.) 158 Fed. 188, which arose in New York, the plaintiff took judgment by default against the defendant on December 12, 1906. On April 2, 1907, the defendant applied for an order opening the default, and vacating the judgment, and tendered a proposed answer. This motion was brought on for a hearing on April 13th, and the court ordered that the motion be granted, and that the answer tendered stand as served *on the date of service of the motion papers,* on condition that the defendant pay certain costs and disbursements within 15 days from date of the order. The defendant sought to remove this case before the expiration of the 15 days from date of the order. The court held, however, that its time to plead had expired on April 2d, *on account of the provision in the order which provided that the answer was to stand served as of that date.* In the case under consideration the defendant was given, unconditionally, the right "to plead or otherwise move" within 20 days from August 6, 1913.

Judge Ray, in his opinion in the Quilhot Case (C. C.) 158 Fed. at page 193, says:

"I am not to be understood as holding, for I do not hold or intimate, that, had the defendant obtained an order opening his default, and giving a certain number of days in which to serve his answer or interpose his defense, he would not have been entitled to remove the cause at any time after the default was opened, and before the expiration of the time within which he was required or permitted by the order to answer. Such an order, being lawful, and made in compliance with and by the express authority of the statutes of the state, would fix the time within which he was required by the laws of the state to answer. The time would be fixed by the court in compliance with statute, and by its authority, and hence by the laws of the state."

The motion to remove this case to the United States court is granted, with $10 costs.