## JUDSON v. KNIGHTS OF THE MACCABEES OF THE WORLD.

(District Court, W. D. New York. November 13, 1914.)

1. REMOVAL OF CAUSES &#8594;17—WAIVER OF RIGHT—VOLUNTARY APPEARANCE.
   A defendant's voluntary appearance in the state court and admission of service, without the personal service of summons, though a waiver of its right to object to the court's jurisdiction over its person, was not a waiver of its right to remove the cause to the federal court.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 10; Dec. Dig. &#8594;17.]

2. REMOVAL OF CAUSES &#8594;3—EFFECT OF STATE LAWS.
   A state statute providing that if any foreign insurance company, admitted to transact business in the state, removed a case to the United States court, its license should be revoked, did not prevent the removal of an action against an insurance company involving an insurance contract, as the statute was no part of the contract, and, moreover, was unen-

&#8594;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

forceable, as opposed to public policy and the statutes of the United States.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. ☞3.]

Action by George D. Judson against the Knights of the Maccabees of the World. On motion to remand to the state court. Motion denied.

Judson, Holley & Caton, of Lockport, N. Y., for plaintiff.
Love & Keating, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. [1] I have examined the cases relating to the different reasons for remanding causes to the state court, and I am satisfied that in this case the defendant had the right of removal. The application was seasonably made, and within the time prescribed by the statutes of the United States. The defendant entered a voluntary appearance; that is, the attorneys for the defendant filed a notice of appearance, and without personal service of summons voluntarily appeared and admitted service. Such appearance was doubtless a waiver of a right to object to the jurisdiction of the person of the defendant, but was not a waiver of the right of removal to this court.

The more important questions argued at the bar are whether the amount in controversy exceeds the sum of $3,000, and whether, in view of the Insurance Law of this state in force since 1910, there is vested in plaintiff a legal right to have this action determined in the Supreme Court of this state. I agree with Judge Pooley, who considered the question on motion for removal under section 29 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1095 [Comp. St. 1913, § 1011]), that the right to be protected in this case arises out of the policy of insurance and the amount which the defendant obligated itself to pay on the death of the plaintiff, namely, $5,000. This was the value of the object to be gained in bringing suit, and not merely the amount of the premiums paid by the assured. There are many adjudications thus declaring the rule. Seemingly contrary views, as expressed for instance, in actions brought by taxpayers to restrain, an issue of bonds, are inapplicable and depend upon another principle. See Hutchinson v. Beckham, 118 Fed. 399, 55 C. C. A. 333.

[2] Nor do I think there is any merit in the claim that the defendant is concluded from removing this case on account of its license to do business in this state. That portion of the statute providing that if any foreign insurance company, admitted to transact business in this state since May, 1880, removes a case to the United States court, its license shall be revoked, was not a part of the insurance contract, and, indeed, in my judgment, is unenforceable, as opposed to public policy and in conflict with the statutes of the United States. See Doyle v. Continental Insurance Co., 94 U. S. 535, 24 L. Ed. 148.

It is not thought necessary to pass upon any of the other questions argued at the bar.

The motion to remand is denied.