HARRY SEGAL and Another, Copartners, Doing Business as SEGAL MANUFACTURING COMPANY, Plaintiffs, *v.* THE ENAMEL PRODUCTS COMPANY, Defendant.

Supreme Court, Queens County, October 31, 1930.

*Sydney D. Robins*, for the plaintiffs.

*I. Gainsburg*, for the defendant.

JOHNSTON, J.   The question to be determined is, may this action be removed to the United States District Court for the Eastern District of New York?   The controversy is admittedly wholly between citizens of different States and the amount involved, exclusive of interest and costs, exceeds the sum of $3,000.   The sole issue is whether or not this application is made in time.   Section 29 of the United States Judicial Code (U. S. Code, tit. 28, § 72) reads as follows: " Whenever any party entitled to remove any suit   *   *   *   may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified,

in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the * * * complaint."

It is necessary to recite what has transpired since this action was commenced. The summons was served on July 11, 1930. A notice of appearance was served July thirtieth. Subsequently stipulations were signed extending plaintiff's time to serve a complaint to September seventh. The complaint was served September second. On September twenty-first defendant moved, under rule 106 of the Rules of Civil Practice, to dismiss the third cause of action, on the ground that it did not state sufficient facts, and also moved, under rule 102, to make the fourth and fifth causes of action more definite and certain.

Before this motion was determined plaintiffs moved to sever the first and second causes of action because of defendant's failure to answer them. This motion came on for argument on October sixth, when a stipulation was entered into between counsel wherein it was agreed: (a) That all the motions above referred to be withdrawn; (b) that plaintiff serve an amended complaint on or before October tenth; and (c) that defendant " shall serve its answer or otherwise move with respect to the amended complaint on or before October 17th."

This stipulation was reduced to writing. The amended complaint was served on October tenth and the petition for removal and bond filed one day before defendant's time to answer or otherwise moved under the stipulation would have expired. Plaintiffs contend defendant waived its right of removal: (1) By serving a notice of appearance; (2) by moving with respect to the complaint; and (3) because the petition was not filed before defendant was " required by the laws of the state or the rule of the state court * * * to answer or plead to the * * * complaint."

Plaintiffs' first contention is untenable. As was said by Judge HAZEL in *Judson* v. *Knights* (220 Fed. 1004): " Such appearance was doubtless a waiver of a right to object to the jurisdiction of the person of the defendant, but was not a waiver of the right of removal to this court."

Plaintiffs' second contention is unsound. It is true, when a defendant makes a motion in the State court directed to the sufficiency of the complaint, that is an election on his part to submit to the jurisdiction of that court. Moreover, " the only basis on which a federal court will be hospitable to a litigation translated from a state court is where the federal court is given the whole case to decide in all its aspects." (*Orr* v. *Fireman's Fund Ins.*

*Co.*, 36 F. [2d] 378.) But when the plaintiffs agreed that defendant's motions be withdrawn before they were determined that was in effect, if not in fact, a stipulation that no motions were made.

It has frequently been held that a stipulation extending defendant's time to answer or otherwise plead extends the time of removal. (*Mayer* v. *Ft. Worth, etc., R. Co.*, 93 Fed. 601; *Groton Bridge* v. *American Bridge Co.*, 137 id. 284; *Rycroft* v. *Green*, 49 id. 177; *Gail* v. *Atlantic Coast Line R. R. Co.*, 82 Misc. 296, and cases cited.)

The rule is succinctly stated in *Hansford* v. *Stone-Ordean-Wells Co.* (201 Fed. 185), where the laws of Montana and the rules of the State court with respect to stipulations are identical with ours. The court said: " ' Required ' in the removal act has reference to the time when the defendant to avoid any default must necessarily answer or plead to the complaint. Until that time comes and at it, whether fixed by statute, by rule, or by agreement between the parties, whether it is the time originally limited or that time extended, the right of removal continues, and can be exercised. Extending the time to answer or plead, to defend, the principal thing, extends the time for removal, to choose the forum wherein to defend, an included incidental thing. The time to plead is the measure of the time to remove — is the time to remove. The federal law and the state law must be read together. The former prescribes a limitation; the latter the extent of it."

Application granted.