**SAMUEL S. GLAUBER, Inc., v. LEHIGH VALLEY R. CO.**

District Court, S. D. New York.

Aug. 31, 1934.

Julius L. Goldstein, of New York City, for plaintiff.

Alexander & Green, of New York City, for defendant.

HULBERT, District Judge.

There appears to be a great diversity of opinion in the several Circuit and District Courts as to when an application for removal of an action from a state court to a United States District Court must be made.

In the Southern District of New York, however, it has been consistently held, for many years, that the application is seasonably made at any time before an answer is required to be served whether the time has been extended by the state court, a state statute, or by stipulation between the attorneys for the respective parties, but no reported case in the official reports in this district has been called to my attention, nor have I been able to find any since Dancel v. Goodyear Shoe Machinery Co. of Portland, Me. (C. C.) 106 F. 551 (Lacombe, C. J., 1900.)

The pending action was brought, under the Interstate Commerce Act (49 USCA § 1 et seq.), to recover $1,568.95, alleged overcharges made by defendant for transportation of 51 separate shipments of freight from Dayton, Ohio, to New York City.

It was commenced in the City Court of the city of New York, county of New York, by service of the summons and complaint on July 5, 1934.

Section 49 of the New York City Court Act required the defendant to appear and answer within six days from that date (or July 11th). On July 10, 1934, defendant served an affidavit and notice of motion, returnable July 17, 1934, for judgment "dismissing the complaint herein, and each and every alleged cause of action therein, upon the grounds that it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause or causes of actions, and that the Court has not jurisdiction of the subject of the action, and in the event of the denial of said motion, for an order directing the plaintiff to serve an amended complaint herein, separately stating and numbering each of the alleged causes of action attempted to be set forth in the complaint, namely, the alleged cause of ac-

tion attempted to be set forth as to each of the several alleged separated shipments referred to in the complaint, and further ordering that the complaint and each of the alleged causes of action attempted to be set forth therein be made more definite and certain in the following respects, to wit:

"(1) To set forth what plaintiff claims were the proper rates, how, when and where the same were established and maintained, and

"(2) What plaintiff claims were and what plaintiff claims should have been the basis of the charges collected by the defendant and paid by the plaintiff with respect to each alleged shipment referred to in the complaint, and for such other and further relief in the premises as may be just."

Section 283 of the New York Civil Practice Act provides:

"§ 283. *Pleading After Disposition of Motion.* If objections to a pleading, presented by motion, be not sustained, the moving party may serve an answer or reply, or an amended answer or reply where he has pleaded to a separate cause of action, counterclaim or defense not affected by the motion, as a matter of right, after the decision of the motion and before the expiration of ten days after service of notice of the entry of the order deciding the motion, unless the court shall be of the opinion, to be stated in the order, that the objections are frivolous. Upon the decision of a point of law, at trial or special term or in the appellate division or court of appeals, the court, in its discretion, also may allow the party in fault to plead anew or amend, upon such terms as are just."

Section 72 of Title 28, USCA, reads:

"§ 72. (Judicial Code, section 29.) *Same; Procedure.* Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient sure-

ty, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same. The said copy being entered within said thirty days as aforesaid in said district court of the United States, the parties so removing the said cause shall, within thirty days thereafter, plead, answer, or demur to the declaration or complaint in said cause, and the cause shall then proceed in the same manner as if it had been originally commenced in the said district court."

On January 4, 1934, my colleague, Judge Patterson, wrote, in Earle C. Anthony v. National Broadcasting Company, Inc. (since reported 8 F. Supp. [D. C.] 346), as follows: "The motion to remand is denied. * * * The extensions of time to answer which were signed by the plaintiff's attorney extended also the time within which the case might be removed. There was a time when the rule in this district was otherwise. Schipper v. Consumer Cordage Co. (C. C.) 72 F. 803. But for more than thirty years it has been held consistently here that a stipulation to extend the defendant's time to answer signed by the attorneys operated to extend the time for removal to the federal court, Mayer v. Fort Worth & D. C. R. Co. (C. C.) 93 F. 601; Dancel v. Goodyear Shoe Machinery Co. of Portland, Me. (C. C.) 106 F. 551."

More recently, in the case of Majestic-New York, Inc., v. Baltimore and Ohio Railroad Company, Judge Bondy denied a motion similar to that now under consideration (L. 57—73).[1]

In the instant case, it is urged that the New York state statute (section 283 Civil Practice Act) only operated—automatically —to extend the time of the defendant to plead until the decision by the New York court of the motion addressed to it, and that, since that part of defendant's motion for an order making the complaint more definite and certain is not within section 283, Civil

---

[1] No opinion filed.

Practice Act (255 Fifth Avenue Corporation v. Freeman, 120 Misc. 472, 199 N. Y. S. 519), the defendant submitted itself to the jurisdiction of the City Court of New York and waived any right it had to an order of removal.

In the case of Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 F. 185, which arose in Montana, it appeared that on October 17, 1912, one day before the defendant was required to answer or plead to the plaintiff's complaint, a stipulation was entered into and signed by the counsel for both parties, extending the time for the defendant to plead up to and including October 28, 1912. On October 26th the defendant filed the proper removal papers. The plaintiff contended they were not filed in time. The court said (at page 186 of 201 F.):

"The laws of Montana and the rule of the said state court authorize stipulations for extension of time like unto that herein. No order of court is necessary to vitalize them. They operate proprio vigore.

"Their effect is that the defendant is not 'required' to answer or plead to the complaint until at the time when the stipulated time is on the point of expiration, and such is the effect of the stipulation in this case. No default could have been entered against the defendant until after that time. 'Required' in the removal act has reference to the time when the defendant to avoid any default must necessarily answer or plead to the complaint. Until that time comes and at it, whether fixed by statute, by rule, or by agreement between the parties, whether it is the time originally limited or that time extended, the right of removal continues, and can be exercised. Extending the time to answer or plead, to defend, the principal thing, extends the time for removal, to choose the forum wherein to defend, an included incidental thing. The time to plead is the measure of the time to remove—is the time to remove. The federal law and the state law must be read together. The former prescribes a limitation; the latter the extent of it. * * * "

In the case of Quilhot v. Hamer (C. C.) 158 F. 188, which arose in New York, the action had been removed from the Supreme Court, Montgomery county, to the Northern District of New York, and upon a motion to remand it appeared that the plaintiff entered judgment by default against the defendant on December 12, 1906. On April 2, 1907, the defendant applied for an order opening the default and vacating the judgment and annexed a proposed order. This motion was

argued on April 13th, and the court, in ordering that the motion be granted, directed that the answer tendered stand as served on the date of service of the motion papers, on condition that the defendant pay certain costs and disbursements within fifteen days from the date of the order. The defendant sought to remove its case before the expiration of the fifteen days from date of the order. The state court held, however, that the time to plead had expired on April 2d on account of the provision in the order "that the answer was to stand" as of that date. Judge Ray, in his opinion, says (at page 193 of 158 F.):

"I am not to be understood as holding, for I do not hold or intimate, that, had the defendant obtained an order opening his default and giving a certain number of days in which to serve his answer or interpose his defense, he would not have been entitled to remove the cause at any time after the default was opened, and before the expiration of the time within which he was required or permitted by the order to answer. Such an order, being lawful and made in compliance with and by the express authority of the statutes of the state, would fix the time within which he was required by the laws of the state to answer. The time would be fixed by the court in compliance with statute, and by its authority, and hence by the laws of the state. But here we find no extension of time in which to plead or answer beyond April 2, 1907, and, as the removal was made April 27, 1907, it was too late and the motion to remand must prevail."

In the case of Gail v. Atlantic Coast Line Railroad Company, 82 Misc. 296, 143 N. Y. S. 707, 708, the defendant secured an order of removal from the Supreme Court, Erie county, to the United States District Court for the Western District of New York, on August 4, 1913, but this order was not entered and filed in the Erie county clerk's office together with the bond presented upon the application until August 8, 1913. Meanwhile, the time to plead had expired on August 6, 1913, and on August 8th plaintiff entered judgment by default in the Erie county clerk's office.

On August 18, 1913, the New York Supreme Court made an order vacating the default judgment, and extended the time of the defendant to "plead or otherwise move" twenty days from August 6, 1913, and, at the same time, the court granted a motion on behalf of the plaintiff vacating said order of removal to the United States court because of an erroneous recital therein.

On August 25, 1913, the day before the time to "plead or otherwise move" expired, an application was made to the Supreme Court, Erie county, on a new set of papers, for an order removing the case to the United States court.

Bissell, J., said: "The only question now raised by the plaintiff is whether or not this application was made in time. The plaintiff contends that after the time to plead had originally expired, and default judgment had been taken, the defendant lost the right to remove the case to the United States court."

After quoting from section 29 of the Federal Judicial Code of 1911 (section 72, title 28, USCA), the court continued: "Inasmuch as the time of the defendant was extended to 'plead or otherwise move,' in accordance with the language of the order of this court, from August 6th to August 26th, and inasmuch as this application was made before the last date, the defendant is within the requirement of the statute, because it has made and filed its petition before it was required to plead by the law of the state or the rule of the state court," citing, with approval, Hansford v. Stone-Ordean-Wells Co., supra; also Quilhot v. Hamer, supra.

While it may be said that the application was made under an extension to "plead or otherwise move," it is to be noted that the time to answer as of right expired on August 6, 1913. The defendant suffered a default, and still the New York Supreme Court held defendant had not lost its right to have the cause removed.

In Segal v. Enamel Products Co., 138 Misc. 280, 245 N. Y. S. 317, 318, an action was commenced in the Supreme Court, Queens county, by service of a summons on July 11, 1930. A notice of appearance was served on July 30th. Subsequently, stipulations were signed extending plaintiff's time to serve a complaint to September 7th. The complaint was served on September 2d. On September 21st defendant moved to dismiss the third cause of action on the ground that it did not state sufficient facts, and also moved to make the fourth and fifth causes of action more definite and certain. Before this motion was determined, plaintiffs moved to sever the first and second causes of action because of defendant's failure to answer them. This motion came on for argument on October 6th, when a stipulation was entered into between counsel whereby it was agreed: (a) That all motions above referred to be withdrawn; (b) that plaintiff serve an amended complaint on or before October 10th; and (c) that defendant "shall serve its answer or otherwise move with respect to the amended complaint on or before October 17th."

It might well be argued that this stipulation limited the defendant to "serve its answer" or "otherwise move with respect to the amended complaint," and precluded the defendant from making an application to remove the cause to the jurisdiction of another tribunal.

The amended complaint was served on October 10th, and petition for removal and bond were filed one day before defendant's time to answer or otherwise move would have expired under said stipulation.

Plaintiffs contended defendant waived its right of removal: (1) By serving a notice of appearance; (2) by moving with respect to the complaint; and (3) because the petition was not filed before defendant was "required by the laws of the State or the rule of the state court * * * to answer or plead to the * * * complaint."

Mr. Justice Johnston said:

"Plaintiffs' first contention is untenable. As was said by Judge Hazel, in Judson v. Knights (D. C.) 220 F. 1004, 1005: 'Such appearance was doubtless a waiver of a right to object to the jurisdiction of the person of the defendant, but was not a waiver of the right of removal to this court.'

"Plaintiffs' second contention is unsound. It is true, when a defendant makes a motion in the state court directed to the sufficiency of the complaint, that is an election on his part to submit to the jurisdiction of that court. Moreover, 'the only basis on which a federal court will be hospitable to a litigation translated from a state court is where the federal court is given the whole case to decide in all its aspects.' Orr & Co. v. Fireman's Fund Ins. Co. (D. C.) 36 F.(2d) 378."

The court concludes: "The rule is succinctly stated in Hansford v. Stone-Ordean-Wells Co. (D. C.) 201 F. 185."

■ An order remanding a cause ought not to be made without careful consideration and having in mind the fact that, if wrong, the petitioner is without a remedy. In the case of Marchant v. Mead-Morrison Mfg. Co. (C. C. A. N. Y. 1928) 29 F.(2d) 40, the parties proceeded to an arbitration under the Arbitration Law of New York (Laws of 1920, c. 275 as amended [Consol. Laws N. Y. c. 72]).

While the proceeding was pending in the state court, a petition for judgment on the arbitrators' award was applied for to the state court, and an order was entered removing the cause to the District Court for the Southern District of New York. Plaintiff moved to remand the cause to the state court upon the ground that the jurisdictional amount was not involved in the proceeding to compel arbitration, and the motion was granted [(D. C.) 7 F.(2d) 511].

On appeal to the Circuit Court of Appeals, in affirming the order [11 F.(2d) 368, 369], the court said: "The remanding order is admittedly not subject to review in this court. Judicial Code, § 28 (28 USCA § 71)."

Thereafter the defendant appealed to the Appellate Division of the state Supreme Court from the order appointing a third arbitrator, where the order was affirmed, and leave to appeal to the Court of Appeals was denied. Hearings were then had by the arbitrators, and the majority agreed upon awarding the plaintiff the sum of $849,006.-76, with costs.

Plaintiff then moved in the state court for an order confirming the award and for judgment, whereupon the defendant filed a petition and removed the suit into this court upon the ground that the jurisdictional amount was involved. The plaintiff moved to remand, which was denied. From an order affirming the award, an appeal was taken to the Circuit Court of Appeals, and among the errors assigned was one bringing into question the plaintiff's motion to remand the suit to the Supreme Court of the county of New York. In an opinion by Manton, J., the Circuit Court of Appeals held that a denial of a motion to remand is reviewable. The determination was reversed and this court directed to enter an order remanding the suit to the New York state Supreme Court. 29 F.(2d) 40, at page 42, 43.

Plaintiff asserts that, when the motion of the defendant came on for hearing on July 17, 1934, argument was had and decision reserved. On the following day defendant's attorney addressed a letter to the court advising it of the presentation of the petition and bond on removal, and that, by the approval thereof, the cause "stands received to the United States District Court and is no longer pending in the City Court of The City of New York."

On July 20, 1934, the court, in a memorandum, stated, this application having been removed to the United States District Court, the motion to dismiss the complaint will be deemed withdrawn.

So that, the plaintiff's counsel contends, at the time the action was removed, the defendant's time to answer had expired, since there was no motion pending which would have deferred the time of the defendant to answer under section 283, Civil Practice Act. But, since I find the order of removal was properly made, it was beyond the jurisdiction of the state court judge to deem the motion to have been withdrawn, and it will be presently determined by me.

The motion to remand is denied.