### SILVERSTEIN v. ÆTNA LIFE INS. CO.

District Court, N. D. New York.

Sept. 3, 1936.

Sidney N. Zipser, of New York City, and Thomas W. McDonald, of Port Henry, N. Y., for plaintiff.

Carter & Conboy, of Albany, N. Y. (Allen M. Taylor, of New York City, of counsel), for defendant.

COOPER, District Judge.

This is a motion by the plaintiff to remand the above-entitled action to the Supreme Court of the State of New York, Essex county, from which it was removed by order of the Supreme Court.

The plaintiff is a resident of Essex county in the state of New York. The defendant is a nonresident insurance company authorized to do business in the state of New York by compliance with the statutes of the state of New York relating thereto. More than $3,000 is involved in the action.

The action was commenced on November 23, 1935.

Motion was promptly made to change the place of trial to Kings county.

On December 3, 1935, an order was granted extending the time to answer until ten days after the determination of the motion to change the place of trial to Kings county.

A counter motion was made to retain the place of trial in Essex county, apparently based in part upon the ground of convenience of witnesses.

The motion to retain the jurisdiction in Essex county was granted and, upon appeal, was duly affirmed by the Appellate Division of the Third Department. 286 N.Y. S. 376. Shortly after such decision, application was made by defendant and the case removed to this court.

While the appeal was pending, an order was granted by Mr. Justice Schenck of the Supreme Court in the Third Judicial Department, returnable at Albany, N. Y., requiring plaintiff to show cause why defendant's time to answer should not be extended until after the decision in the Appellate Division upon the appeal aforesaid. This motion was returnable on the 24th day of January, 1936, at Albany, but upon request of the attorneys and counsel for the defendant the date for argument was advanced to the 23d day of January, 1936.

Mr. Justice Schenck granted the order for extension of time until five days after entry of order embodying the decision of the Appellate Division upon appeal.

The order of affirmance by the Appellate Division was handed down on the 17th of March, 1936. On the same day defendant's attorney served on plaintiff's attorneys application for removal to the federal court with notice that petition and bond would be presented to that court on the 19th day of March.

Mr. McDonald, counsel for plaintiff, asked that the argument for removal be held on the 23d of March instead of on the 19th.

Counsel for defendant required as a condition thereto that plaintiff stipulate that defendant's time to answer should be extended to March 25th.

To this Mr. McDonald replied by letter dated the 17th of March, 1936, to the attorneys for defendant and reading as follows: "In pursuance of our telephone conversation of this afternoon you may accept this letter as a stipulation extending the defendant's time to answer until March 25th. This in consideration of the adjournment of the argument for removal proceedings until March 23rd at Schenectady."

The argument of the motion for removal came on before Mr. Justice Brewster of the Fourth Judicial Department at Schenectady. On this argument no question was raised by the plaintiff concerning the invalidity of the order of Mr. Justice Schenck under rules 63, 87, or 88, Rules of Civil Practice, but the removal was opposed on the ground that defendant had lost its right to removal by not making the application within 20 days after service of the summons and complaint.

On May 8th the attorney for plaintiff filed an additional affidavit with Mr. Justice Brewster in opposition to the removal proceedings urging a denial of removal on the ground that defendant had not complied with rules 63, 87, and 88 of the Civil Practice Act of the State of New York.

On May 14th, 20th, 21st, and 27th, and June 1st, further proceedings were had in the matter, and on the last date mentioned all the applications of the plaintiff were denied by Mr. Justice Brewster apparently on the ground that the cause had already been removed to the federal court and on the said date Mr. Justice Brewster granted an order removing the cause from the state to the federal court, and on the next day copies of the order were served on the plaintiff's attorney and certificate, copies of the order and bond, and other papers filed with the clerk of the court in Utica.

The principal grounds of plaintiff's motion to remand are:

1. That defendant lost his right to remove the cause to the federal court because he did not make his application within the 20 days provided by state law (Civil Practice Act N.Y. § 263) for service of the answer.

2. That the order of Mr. Justice Schenck extending the time to answer was void because of failure to comply with rules 63, 87, and 88 of the Rules of Civil Practice of the State of New York.

3. That the defendant is not a foreign corporation, but under the laws of the state of New York may be sued in the state court and is for purposes of litigation a resident of the state of New York and without right of removal to the federal court.

It is doubtless true that there are decisions in other circuits that the time for removal is limited to the time within which the defendant is required to answer by the laws of the states in whose courts the

action is originally brought and extension of time by stipulation or order is of no avail. There was a time when such was the law with the federal courts in this state. Schipper v. Consumer Cordage Company (C.C.) 72 F. 803.

But since the revision in 1896 of rule 24 of the General Rules of Practice (now rule 87) and the decision of Mayer v. Ft. Worth & D. C. R. Co. (C.C.) 93 F. 601, the federal courts in this state have uniformly held that a stipulation extending the time to answer enlarges the time for removal to the federal court. Groton B. & M. Co. v. American B. Co. (C.C.) 137 F. 284. Among the more recent cases so holding are: Glauber, Inc., v. Lehigh Valley R. Co. (D.C.) 8 F.Supp. 347; Anthony, Inc., v. National Broadcasting Co. (D.C.) 8 F. Supp. 346.

Because of the voluntary extension of time to answer, it seems unnecessary to discuss at any length the second ground of plaintiff's motion, viz., that Mr. Justice Schenck's order extending the time to answer until five days after the decision of the appeal is void. By Mr. Justice Shenck's order the defendant would have been compelled to answer the complaint within five days after the decision of the Appellate Division.

On the very date of the decision of the Appellate Division on March 17, 1936, the defendant gave notice to the plaintiff that application for removal would be made, and the bond presented to the court by defendant on March 19th, all well within the five days.

In order to obtain adjournment of the argument on the application to remove, the counsel for plaintiff in writing extended the defendant's time to answer until March 25th by the letter hereinbefore mentioned.

It not being questioned that Mr. McDonald was authorized to grant this extension of time, such extension cures all failure to answer within the prescribed time. Such stipulation is binding as to the time to answer until the plaintiff is relieved therefrom by the court. Stemmler v. Mayor, etc., of N. Y., 179 N.Y. 473, 481, 72 N.E. 581; Fried v. New York, N. H. & H. R. Co., 183 App.Div. 115, 122, 170 N.Y.S. 697; Groton B. & M. Co. v. American B. Co. (C.C.) 137 F. 284, 297; Chiatovich v. Hanchett et al. (C.C.) 78 F. 193.

It follows, therefore, that before the extended time for the defendant to answer had expired, the motion for removal was made. Motion was therefore made within the time prescribed by the state rules for pleading and by the federal statutes for removal (28 U.S.C.A. § 71 et seq.) as interpreted in this circuit, and it is not necessary to decide the validity of Mr. Justice Schenck's order.

The remaining contention of the plaintiff that the defendant becomes a resident of the state of New York for purposes of suit in both state and federal courts upon compliance with state statute is untenable. Southern Ry. Co. v. Allison, 190 U. S. 326, 23 S.Ct. 713, 47 L.Ed. 1078; St. Louis & S. F. R. Co. v. James, 161 U.S. 545, 16 S.Ct. 621, 40 L.Ed. 802; Missouri Pacific R. Co. v. Castle, 224 U.S. 541, 32 S.Ct. 606, 56 L.Ed. 875; Wachtel v. Diamond State Engineering Corporation, 215 App.Div. 15, 213 N.Y.S. 77; Maisch v. City of New York, 193 N.Y. 460, 86 N.E. 458.

Defendant being a foreign corporation and having applied for removal within the prescribed time is entitled to have this cause of action tried in the federal court, and this is so regardless of the fact that other actions by the same party presumably arising out of the same transaction and presumably requiring the same set of witnesses, and possibly all triable in one trial under the state statute, are pending in the state court. This court on this motion to remand is not vested with any discretion in the matter, but may only determine whether the action was properly removed to this court.

The motion to remand is denied.